The Pittsburgh, Cincinnati and St. Louis R. W. Co. *v.* Culver.

---

THE PITTSBURGH, CINCINNATI AND ST. LOUIS R. W. CO. *v.* CULVER.

NEGLIGENCE.—*Pleading.*—*Property Destroyed by Fire.*—A complaint alleging that the defendant, without license from the plaintiff, had unlawfully burned up personal property belonging to the plaintiff, is sufficient.

SAME.—*Fire Started on Premises by Owner, and Escaping to Adjoining Premises.*—A person may set a fire on his own premises, for any lawful purpose, and is not liable for damages resulting therefrom to the property of a contiguous proprietor, unless he is guilty of negligently permitting the fire to escape.

SAME.—*Averment Concerning Negligence.*—In an action for damages resulting from fire set by the defendant on his own premises, the plaintiff must allege negligence on the part of the defendant, not merely in starting the fire, but in permitting it to communicate to the property of the plaintiff.

From the Howard Circuit Court.

*N. O. Ross,* for appellant.

*J. O'Brien,* for appellee.

NIBLACK, C. J.—David Culver sued the Pittsburgh, Cincinnati and St. Louis Railway Company, for burning up two hundred and thirty-four cords of his wood, which had been piled up in ranks near the defendant's line of road.

The complaint was in two paragraphs.

The first charged, that, on the 9th day of October, 1871, "the defendant, without any license so to do from this plaintiff, and without right and unlawfully, burned up and destroyed the said wood," which was of the value of five hundred dollars.

The second was as follows: "And, for a second and further cause of action, this plaintiff says, that heretofore, to wit, prior to the 9th day of October, 1871, this plaintiff had cut, and corded up on the ground where the defendant usually had and received wood for use on its road, two hundred and thirty-four cords of cord-wood; that the said wood was cut in pursuance of a promise and undertaking on the part of the defendant to measure and pay for said wood to the plaintiff, and was corded ready for the said defendant on the ground where defendant caused wood to be put and corded which was sold to it, and where the said defendant usually received wood for its use; that the plaintiff had a lawful right to cord the said two hundred and thirty-four cords of wood where it was, or near the line of the defendant's railway, at Howard county, in the State of Indiana, between Cass and Howard counties in said State; that the defendant neglected and refused to measure and receive said two hundred and thirty-four cords of wood, but carelessly, and without license from the plaintiff so to do, and without any fault or negligence on the part of the plaintiff, did set fire to rubbish and trash along and upon the

# MAY TERM, 1878. 471

The Pittsburgh, Cincinnati and St. Louis R. W. Co. v. Culver.

grounds which the defendant uses for the purpose of operating trains of cars upon its road, which fire did communicate with plaintiff's wood, from the trash and rubbish so set on fire by the defendant along the line of its railway, and did, on the 9th day of October, A. D. 1871, burn and consume the wood of the plaintiff, of the value of five hundred dollars, at Howard county, Indiana, without any carelessness or fault or negligence of the plaintiff. Wherefore," etc.

The defendant demurred severally to both paragraphs of the complaint, but the demurrers were overruled as to both paragraphs, to which the defendant excepted.

Issue being joined, the cause was tried by a jury, and there was a verdict and judgment for the plaintiff.

Errors are assigned here upon the decisions of the court in overruling the demurrers to both paragraphs of the complaint.

The first paragraph contains a direct charge, that the appellant burned and destroyed the appellee's wood, and we see no objection to its sufficiency.

It is objected, that the second paragraph is defective, in not alleging that the fire was permitted to communicate to the appellee's wood by some negligence of the appellant.

It is a rule of law, well settled by a long line of decisions, that a person may set a fire on his own premises, for the purposes of husbandry, or for any other lawful purpose, and that he is not liable for the injury such fire may inflict upon the property of contiguous proprietors, unless he is guilty of some negligence in permitting the fire to escape; that is, in keeping, taking care of, or controlling such fire.

In the case of *Higgins* v. *Dewey*, 107 Mass. 494, which is supported by numerous authorities which it cites, it was decided, that "A man who negligently sets fire on his own land, and keeps it negligently, is liable to an action at common law for any injury done by the spreading

or communication of the fire directly from his own land to the property of another, whether through the air, or along the ground, and whether he might or might not have reasonably anticipated the particular manner and direction in which it is actually communicated."

To the effect that negligence must be shown in allowing the fire to extend to the property of adjacent owners, see *Calkins* v. *Barger*, 44 Barb. 424; *Clark* v. *Foot*, 8 Johns. 421; *Stuart* v. *Hawley*, 22 Barb. 619; *Bachelder* v. *Heagan*, 18 Me. 32; Pierce Am. R. R. Law, 311. As analogous in principle, see, also, *The Indiana Cent. R. W. Co.* v. *Hudelson*, 13 Ind. 325; *Livingston* v. *Adams*, 8 Cow. 175; *Panton* v. *Holland*, 17 Johns. 92.

In cases like the one presented by the second paragraph of the complaint before us, negligence in permitting the spread of the fire to contiguous property constitutes the gist of the action, and hence such negligence must be both alleged in the complaint and proved on the trial, to entitle the plaintiff to recover.

Negligence in starting the fire may be such in many cases as will tend to establish negligence in allowing it to communicate to the property of others, and to thus characterize the whole transaction as a negligent one; yet an averment that the fire was negligently started will not dispense with, or supply the place of, an allegation that the fire was negligently allowed to communicate to the property of other persons, as above stated.

For the want of an averment that the fire was permitted to communicate to the wood of the appellee by the negligence of the appellant, we must hold the said second paragraph of the appellee's complaint substantially defective, and that the court erred in overruling the demurrer to it.

As the other assigned errors relate to proceedings subsequent to the overruling of the demurrer to the complaint, we need not further refer to them here.

Many of the authorities cited by counsel on both sides

have been of but little assistance to us in the examination of this case, as they relate to cases of the burning of property from sparks escaping from locomotives while running upon railroads, and not to cases of the voluntary setting out of fire, like the one at bar.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings in accordance with this opinion.