The Pittsburgh, Cincinnati and St. Louis Railway Company *v.* Hixon.

No. 8845.

The Pittsburgh, Cincinnati and St. Louis Railway Company *v.* Hixon.

Negligence.—*Railroad.*—*Injury by Fire from Locomotive.*—*Complaint.*—A complaint against a railroad company for injury to property, consisting of growing grass and stacks of hay and straw, caused by coals and sparks from a locomotive setting fire to dry grass, weeds, rubbish and other combustibles negligently suffered to gather on the company's right of way, and communicated to plaintiff's land "by the medium" of such combustibles, is insufficient without an allegation that the fire was permitted to escape upon the plaintiff's land by the fault and negligence of the company. Elliott, C. J., and Woods, J., dissent.

Same.—*Answer.*—*Contributory Negligence.*—It is not a sufficient answer to such complaint, even if amended by supplying such allegation, that the plaintiff was guilty of negligence contributing to the injury by permitting grass, weeds and rubbish to accumulate on his own land adjoining the company's right of way, by means of which the fires were communicated to his property.

Same.—*Practice.*—*Demurrer to Bad Answer.*—*Carried Back.*—*Complaint.*—In such case, a demurrer to such bad answer should have been carried back and sustained to the complaint.

Same.—*Interrogatories.*—*General Verdict.*—In such case, answers to interrogatories, showing that there was dry grass on the plaintiff's lands, which grass was burned by the fire, and in burning spread the fire over the land, are not inconsistent with a general verdict for the plaintiff, and show no defence to his action.

Same.—*Damages.*—*Opinion of Witness.*—*Evidence.*—On trial of such action, it was error to permit a witness, over objection, to state, in answer to the question, "What was the damage per acre?" that "The damage was from three to four dollars per acre."

Same.—*Presumption.*—*Evidence.*—*Rebuttal.*—On such trial, it was error to refuse to allow the company to rebut the presumption of negligence by proving that the locomotive engines of the company were provided with the best methods known for the prevention of fire, and that they were in good order and repair and skilfully managed, at the time complained of.

From the Lake Circuit Court.

*N. O. Ross,* for appellant.

*E. Griffin* and —— *Griffin,* for appellee.

Bicknell, C. C.—Sparks from the appellant's engines set fire to some dried grass, weeds and rubbish, on the appellant's

land, appropriated for a right of way, and from said grass, etc., the fire reached the appellee's land adjoining said right of way, and there burned up and destroyed the growing grass and some stacks of hay and straw.

This suit was brought to recover damages for said burning.

The complaint was in two paragraphs. Demurrer to both paragraphs for want of facts sufficient, etc., were overruled. The appellant answered in three paragraphs. To the second of these paragraphs of answer the appellee's demurrer was sustained; to the third his demurrer was overruled. The appellee replied in denial of said third paragraph. The cause was tried by a jury upon the first and third paragraphs of the complaint, the general denial, the third paragraph of answer, and the reply thereto. The jury returned a verdict for the appellee for eighty dollars.

With their verdict the jury returned interrogatories and their answers to the same, as follows:

Interrogatories on behalf of the plaintiff:

"1st. Did the defendant allow grass, weeds, rubbish and other combustible material to accumulate on its right of way, opposite to where the defendant's (plaintiff's) grass was burned? Answer. Yes.

"2d. Did the fire start on defendant's right of way and run from thence upon the plaintiff's land? Answer. Yes.

"5th. Was plaintiff damaged by either of said fires, and if so, how much? Answer. Yes; by both of said fires, and damaged to the amount of eighty dollars.

"6th. Were said fires ignited and started by sparks or coals of fire from defendant's locomotive? Answer. Yes."

Interrogatories on behalf of defendant:

"1st. Was the land of the plaintiff covered with dry grass up to the right of way of the defendant's road? Answer. Yes.

"2d. Did the fire spread over the land of the plaintiff by means of the dry grass on his own land? Answer. Yes.

"3d. Do you find from the evidence that the fire escaped

The Pittsburgh, Cincinnati and St. Louis Railway Company v. Hixon.

from a locomotive of the defendant and did the injury complained of? Answer. Yes.

"4th. Was it windy at the time the fire started? Answer. Yes.

"5th. Was the wind the cause of the fire spreading over the plaintiff's ground and doing the injury complained of? Answer. No."

The appellant's motion for judgment upon the answers to the interrogatories notwithstanding the general verdict was overruled.

The appellant's motion for a new trial was overruled and judgment was rendered upon the verdict.

The appellant assigns errors as follows:

1st. In overruling the demurrers to the complaint.

2d. In sustaining the demurrer to the second paragraph of the answer.

3d. In overruling the motion for a new trial.

4th. In overruling appellant's motion for judgment upon the answers to the interrogatories, notwithstanding the general verdict.

The first paragraph of the complaint states that the appellee's land adjoins the appellant's railroad; that it was sown with timothy seed, and was producing large and valuable crops of hay, and that coals were negligently dropped and sparks and fire emitted from the appellant's locomotive engines, which set fire to dry grass, weeds, rubbish and other combustibles by defendant negligently suffered to gather on the appellant's right of way; and that said fire, "by the medium" of said combustibles, was communicated to the plaintiff's land, and there burned his growing grass to his damage, etc.; that said fire and damage were not caused by any negligence on the part of the plaintiff, but were caused in part by a defect in the flue or smoke-stack and spark-arrester, and a defect in the ash-pan of defendant's engines. Wherefore, etc. The second paragraph of the complaint is the same

as the first, except that it alleges the burning and destruction of thirty tons of timothy hay stacked on the appellee's land.

The objection made to both of these paragraphs is, that they contain no allegation that the fire was communicated to the appellee's property by any fault or negligence of the appellant; that, although they aver negligence as to the origin of the fire, and in permitting the accumulation of combustible matter on the appellant's right of way, yet they allege no negligence in that which was the proximate cause of the injury, to wit, permitting the fire to escape upon the plaintiff's land.

The complaint in this case is evidently copied from the complaint in *The Pittsburgh, etc., R. R. Co.* v. *Nelson,* 51 Ind. 150. That was an action for burning wood, which, with the consent of the railway company, had been placed on its right of way. The language of the complaint was: "Coals were negligently dropped and sparks emitted from the locomotive of appellant, which set on fire an accumulation of dry grass, weeds and rubbish, and other combustibles, suffered to gather beside the said track and on their right of way, and that said fire, through the medium of said dry grass, weeds, rubbish and other combustible materials, so gathered upon said right of way, as aforesaid, was communicated to the said wood of the said plaintiff," etc. The court held that complaint sufficient, citing *The Ohio, etc., R. W. Co.* v. *Selby,* 47 Ind. 471. But the difference between the two cases is, there, the plaintiff's wood was on the company's right of way; here, the fire was communicated from the right of way to the plaintiff's land adjoining. In this respect, the case at bar resembles the case of *The Pittsburgh, etc., R. W. Co.* v. *Culver,* 60 Ind. 469, which was an action for burning wood corded up near the line of the railway. There the same objection was made to the complaint as is here made, and NIBLACK, C. J., delivering the opinion of the court, said: "Negligence in starting the fire may be such in many cases as will tend to establish negligence in allowing it to communicate to the property of others, and to thus characterize the whole transaction as a negligent one; yet an averment that the

fire was negligently started will not dispense with, or supply the place of, an allegation that the fire was negligently allowed to communicate to the property of other persons."

A man who negligently sets fire on his own land, and keeps it negligently, is liable to an action for any injury done by the spreading or communication of the fire, directly from his own land, to the property of another, whether through the air or along the ground, and whether he might or might not have reasonably anticipated the particular manner and direction in which it is actually communicated. *Higgins* v. *Dewey*, 107 Mass. 494. Following the case of *The Pittsburgh, etc., R. W. Co.* v. *Culver, supra,* the complaint in the case at bar must be held insufficient for want of an averment, that the fire was permitted to escape upon the plaintiff's land by the negligence of the appellant, notwithstanding the statement in the earlier case of *The Toledo, etc., R. W. Co.* v. *Wand*, 48 Ind. 476, that " If the appellant carelessly and negligently ignited inflammable substances on the railroad track, the natural tendency of which was to conduct the fire to the premises * * adjacent thereto, the fact would tend to establish the case against the appellant."

The court erred in overruling the demurrer to the complaint.

The second paragraph of the answer, to which a demurrer was sustained, asserts that the appellee was guilty of negligence contributing to the injuries complained of, by permitting grass, weeds, and rubbish to accumulate on his own land adjoining the appellant's right of way, by means of which the fires were communicated, etc.

If, by appellant's negligence in starting the fire and in permitting it to escape upon plaintiff's land, a cause of action had accrued, it would have been no defence thereto that the appellant had on his land something that fire would burn ; but as a bad answer is good enough for a bad complaint, and a demurrer searches the record, the demurrer to the second paragraph of the answer ought to have been sustained to the complaint. *Ætna Ins. Co.* v. *Baker*, 71 Ind. 102.

As to the fourth error assigned, the appellant claims that, under the answers of the jury to his first and second interrogatories, the company was entitled to judgment, notwithstanding the verdict. These answers merely showed that there was dry grass on the appellee's land, which grass was burned by the fire, and in burning spread the fire over the land. There was nothing in these answers inconsistent with the general verdict or showing a defence to the action. There was no error in the ruling of the court upon the appellant's motion for judgment.

As to the third error assigned, to wit, overruling the motion for a new trial, several causes for a new trial were alleged, among them the following: The appellee and another witness were permitted to state, over the objection of the appellant, in answer to the question, "What was the damage per acre?" that "The damage was from three to four dollars per acre." This was error. *The Ohio, etc., R. W. Co.* v. *Nickless,* 71 Ind. 271; *Bissell* v. *Wert,* 35 Ind. 54; *City of Logansport* v. *McMillen,* 49 Ind. 493; *The Baltimore, etc., R. W. Co.* v. *Johnson,* 59 Ind. 247.

The appellant proposed to prove by John Donaldson "that the locomotive engines of the appellant were provided with the best methods known for the prevention of fire, and that they were in good order and repair and skilfully managed at the time complained of." Part of the negligence charged was permitting sparks of fire to escape.

In the case of *The Indianapolis, etc., R. R. Co.* v. *Paramore,* 31 Ind. 143, it was intimated that negligence ought not to be inferred *prima facie,* from the mere fact that sparks of fire escaped from the engine and burned adjacent property. ELLIOTT, C. J., on p. 147. But the later and better opinion is, that the burning of adjacent property, by sparks from a locomotive engine, is *prima facie* evidence of negligence in the company and their servants having the management of the engine, rendering it incumbent on them to show that proper precaution had been taken to prevent the escape of sparks.

Addison Torts, 242. See also the authorities cited in *Gagg* v. *Vetter*, 41 Ind. 228. It is analogous to the case of an injury sustained by a passenger on a train, which has always been regarded as *prima facie* evidence of negligence in the company. *The Pittsburgh, etc., R. R. Co.* v. *Williams*, 74 Ind. 462 ; *The Jeffersonville R. R. Co.* v. *Hendricks' Adm'r*, 26 Ind. 228.

The testimony of Donaldson had a tendency to rebut such *prima facie* evidence of negligence. *The Pittsburgh, etc., R. R. Co.* v. *Nelson*, 51 Ind. 150, on p. 154, citing *Gagg* v. *Vetter*, *supra ; Toledo, etc., R. W. Co.* v. *Wand, supra ; Grand Rapids, etc., R. R. Co.* v. *Boyd*, 65 Ind. 526.

The court therefore erred in excluding said testimony.

The foregoing conclusions render it unnecessary to consider the remaining causes for a new trial, which relate to the sufficiency of the evidence and the validity of the instructions given and refused.

The judgment of the court below ought to be reversed and the cause remanded for a new trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial, with instructions to permit the appellee to amend his complaint.

ELLIOTT, C. J., and WOODS, J., dissent from so much of the foregoing opinion as holds that the complaint was insufficient.