The Louisville, New Albany and Chicago Railway Company v. Spenn.

No. 10,044.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY v. SPENN.

NEGLIGENCE.—*Railroad.*—*Injury by Fires Spreading.*—*Pleading.*—In a suit
against a railroad company for injury by the spread of fire to adjoining
premises, a complaint is bad which does not charge negligence in per-
mitting the fire so to spread. WOODS, C. J., dissents.

From the Carroll Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.
*J. A. Batson* and *D. Turpie*, for appellee.

NIBLACK, J.—This was an action commenced by Henry
Spenn against the Louisville, New Albany and Chicago Rail-
way Company, in the White Circuit Court, for damages for
the destruction of certain property by fire, and taken on a
change of venue to the Carroll Circuit Court.

The complaint was in two paragraphs, and demurrers were
severally overruled to both paragraphs. Verdict and judg-
ment for the plaintiff.

The first paragraph of the complaint charged that, on the
12th day of August, 1881, the plaintiff was the owner of a
certain tract of land in the county of White, near the track
of the railway company; that, on that day, the railway com-
pany so negligently conducted the running of one of its en-
gines on its track as to set fire to certain grass, weeds and
other combustible material, which had been permitted to ac-
cumulate upon its, the company's, right of way, near the
plaintiff's land; that the fire thus kindled communicated to
the plaintiff's land, and burned up and destroyed the plain-
tiff's fence and other property situated thereon, to the plain-
tiff's damage.

In all that is material to its sufficiency at the present hear-
ing, the averments of the second paragraph were substantially
the same as those of the first paragraph, a partial synopsis of
which is given as above. Error is so assigned as to raise the

question of the sufficiency of both paragraphs of the complaint upon demurrer. Both paragraphs failed to charge that the fire, started on the defendant's right of way, was negligently permitted to escape on to the plaintiff's land, and it is contended in argument here, that for that reason the demurrers ought to have been sustained to both paragraphs.

Tested by some of the more recent decisions of this court involving the precise question thus presented, both paragraphs of the complaint were fatally defective. The complaint in this case was essentially similar to the one before us in the case of *Louisville, etc., R. W. Co.* v. *Ehlert, post,* p. 339, and for the reasons given in the opinion in that case the judgment below will have to be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Woods, C. J., dissents.

Petition for a rehearing overruled.