The Louisville, New Albany and Chicago Railway Company v. Ehlert.

No. 10,045.

The Louisville, New Albany and Chicago Railway Company v. Ehlert.

NEGLIGENCE.— *Railroads.*— *Pleading.*— *Liability for Fires.*— A complaint against a railroad company for damages resulting from the escape of fire from the right of way, averring negligence in permitting fire to kindle combustibles on its own property, but not averring negligence in permitting the fire to spread to the adjoining premises, is bad on demurrer.

From the Carroll Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

*J. A. Batson* and *D. Turpie*, for appellee.

NIBLACK, J.—Action by Charles Ehlert against the Louisville, New Albany and Chicago Railway Company, on a change of venue from the White Circuit Court, to recover damages for the destruction of certain property by fire, alleged to have been caused by the negligence of the company. The complaint was in two paragraphs. The first paragraph charged that the defendant carelessly and negligently suffered and permitted grass, weeds and other combustible material to grow, mature and accumulate along its track and right of way in the vicinity of and adjoining a certain tract of land belonging to the plaintiff; that in the months of July and August, in the year 1881, the said grass, weeds and other combustible material became very dry and easily consumable by fire, of which the defendant had notice; that, on the 29th day of August, 1881, the defendant, by its servants and employees, so negligently conducted the running of one of its engines that said engine set fire to said grass, weeds and other combustible material so accumulated on its track and right of way near the plaintiff's land, and thus fired the grass, weeds and other combustible material grown, matured and accumulated in the vicinity of and between the defendant's railway and the plaintiff's land; that said engine was not then and there in proper repair and condition to prevent fire from being communicated from it to

said grass, weeds and other combustible material, of which the defendant also had notice; that said fire communicated to the plaintiff's said land and burned and wholly destroyed the plaintiff's fence enclosing the same, and other property belonging to him, all of the aggregate value of $600; that said fire was not the result of any fault, carelessness or negligence of the plaintiff.

The second paragraph charged substantially the same facts as those contained in the first, the only noticeable difference between the two paragraphs being one of phraseology merely.

Demurrers to both paragraphs of the complaint were severally filed and overruled. Issue being thereupon joined, there was a verdict and judgment for the plaintiff.

The first objection urged to the proceedings below is that the demurrers ought to have been sustained to both paragraphs of the complaint, and in support of that objection it is insisted that both paragraphs are fatally defective in not averring that the defendant was guilty of negligence in permitting the fire to escape from its right of way onto the land of the plaintiff.

The authorities recognize a well defined distinction between the negligent setting on fire of inflammable material on the right of way of a railroad company and negligence by the company in permitting such a fire to escape onto the land of an adjacent proprietor. This distinction may sometimes appear to be a merely technical one, but it is founded upon the idea that every person, including bodies corporate, is permitted to use what belongs to him alone in whatever way he may choose, so long as no one else is injured by his exercise of that right, and hence involves a principle which often becomes important in its application.

The distinction in question was carefully considered and given a practical application by this court, in the case of *Pittsburgh, etc., R. W. Co.* v. *Culver*, 60 Ind. 469, and the doctrine of that case has been approved in the later case of *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 79 Ind. 111.

The conclusion reached in both of those cases was that, in a case like this, it was material that the complaint should aver that the railway company had negligently permitted the fire started on its right of way to escape onto the land of the plaintiff, upon the theory that negligence in so permitting the fire to escape constitutes the gist of the action.  The conclusion reached in those cases was, we think, in accordance with the evident weight of authority, and, applying it to the complaint before us, we can not do otherwise than hold that both paragraphs were insufficient upon demurrer, and that the judgment will have to be reversed for want of a good complaint.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

WOODS, C. J., dissents.

### ON PETITION FOR A REHEARING.

ELLIOTT, J.—We have carefully considered the argument of counsel on the petition for a rehearing, and, after a full examination of the cases, have resolved to adhere to our former opinion.

The infirmity in the complaint is that it does not show that the appellant negligently suffered the fire to escape from its own property and be communicated to that of the appellee. The complaint in this respect is not so strong as that held bad in *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 79 Ind. 111, and is very similar to the one condemned in *Pittsburgh, etc., R. W. Co.* v. *Culver,* 60 Ind. 469. The authorities are unusually harmonious in holding that the complaint must do more than show that the defendant, in such a case as this, negligently set fire to his own property ; it must also show that he negligently caused or suffered the fire to be communicated to the property of the plaintiff.   The question in this case is one of pleading and not of evidence.   Negligence may often be inferred as matter of evidence, where, as matter of pleading, direct averment is essential.

The fault in the pleading under examination is, not that it

charges negligence in general terms, but that it fails to charge that the appellant negligently suffered the fire to escape from its own property to that of the appellee. It does not show that the appellant's servants did anything more than negligently set fire to its own property, on its own land; and this, of itself, is not a wrong of which the appellee can complain. In order to entitle him to his action he must show negligence in suffering the fire to be communicated to his property.

Petition overruled.