No. 10,300.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* HANMANN.

NEGLIGENCE.—*Railroad.*—*Liability for Fires.*—*Pleading.*—In a suit against a railroad company for injury caused by fire, where the complaint alleges negligence in managing an engine, whereby combustibles on its right of way *and on lands adjacent* were set on fire, from which the fire, without negligence of the plaintiff or the intervening owner, spread to the plaintiff's lands, whereby the plaintiff's property was destroyed, and that the fire was wholly the result of the negligence of the defendant, it is not necessary to aver negligence of the defendant in permitting the fire to escape from its right of way.

From the Carroll Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

*J. A. Batson* and *D. Turpie*, for appellee.

ZOLLARS, J.—This action was commenced by appellee against appellant, to recover the value of property destroyed by fire.

Counsel for appellant contend that the court below erred in overruling appellant's demurrer to the complaint, and its motion for a new trial. The complaint is in two paragraphs. The jury found for appellant upon the first, and against it upon the second. It will not be necessary, therefore, to examine the first. With one exception, the second paragraph is the same, substantially, and the objections urged against it the same, as in the cases of *Louisville, etc., R. W. Co.* v. *Stevens, ante,* p. 198, and *Louisville, etc., R. W. Co.* v. *Krinning, ante,* p. 351. As to those objections, the ruling must be the same as in those cases. The further objection is made that there is no allegation in the complaint that appellant negligently permitted the fire to escape from its right of way to the land of appellee. This objection, we think, is not well taken. After setting out the different acts of negligence complained of, as in those cases, particularly the alleged negligence of appellant in allowing the dry grass, weeds and other combustible matter to accumulate and remain upon the track and right of way, at a time when a drought prevailed in the county, it is alleged that, on the 29th day of August, 1881, the appellant, by its agents and servants, so negligently conducted the running of one of its engines that said engine fired said grass, weeds, etc., along its track and upon its right of way, and that said engine fired the grass and other combustible material grown and accumulated upon the lands in the vicinity of, adjoining, and lying between the railroad and appellee's land. After further allegations of negligence on the part of appellant, the destruction of appellee's property by the fire, and that neither appellee nor the intervening land-owners were guilty of any negligence, there is a general averment that the fire was wholly the result of the carelessness and gross negligence of appellant.

We think that, upon a reasonable construction of the com-

plaint, negligence is charged, not only in setting fire to the grass, etc., upon the right of way, but also to grass, etc., upon adjoining lands, between the right of way and appellee's land. If grass, etc., upon adjoining lands was thus negligently fired, it would not seem necessary to allege further that the fire, ignited upon the right of way, was negligently allowed to escape. We think, too, that the general allegation that the fire was the result of the negligence of appellant sufficiently charges that the fire, in its origin and the communication of the same to the land of appellee, was the result of negligence on the part of appellant. This is in consonance with a recent ruling of this court, in the case of *Pittsburgh, etc., R. W. Co.* v. *Jones,* 86 Ind. 496.

The questions presented by the motion for a new trial, and the discussion of counsel thereon, are substantially the same as in the cases of *Louisville, etc., R. W. Co.* v. *Stevens,* and *Louisville, etc., R. W. Co.* v. *Krinning, supra.*

It may be stated in addition to what we said in deciding those cases, that the substance of the first instruction asked by appellant and refused by the court is included in the fifth instruction given by the court. After a careful examination we find no error in the record to justify a reversal of the judgment.

The judgment is affirmed, at the costs of appellant.