No. 10,285.

THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY *v.* ADAMSON.

NEGLIGENCE.—*Railroads.—Injuries from Fire.—Complaint.—*A complaint against a railroad company for the destruction of property caused by a fire kindled by its negligence on its right of way, which spread to other lands where the property was located, which fails to aver that the company negligently suffered the fire to so spread, is bad on demurrer.

From the Warren Circuit Court.

*C. W. Fairbanks,* for appellant.

*C. V. McAdams, J. M. Rabb* and *J. B. Martin,* for appellee.

MORRIS, C.—The appellee sued the appellant for damages claimed to have been occasioned by the unlawful destruction of the property of the appellee by the appellant. The complaint contained two paragraphs. A demurrer was sustained to the second and overruled to the first.

It is alleged, in the first paragraph of the complaint, that the appellant owns and operates a railroad, extending from Indianapolis, Indiana, to Bloomington, Illinois; that in the month of August, 1881, the appellee had stacked, with her consent, on the premises of Nancy Adamson, in Warren county, Indiana, adjoining the appellant's right of way, ninety bushels of wheat in the straw, of the value of $95; that the appellant, during the time the appellee's wheat was so stacked as aforesaid, negligently permitted dry grass, leaves and other combustible rubbish to gather upon its right of way adjoining the premises whereon the plaintiff's wheat was so stacked, and that through the fault and negligence of the appellant and its servants, in permitting such combustible rubbish to gather upon its right of way as aforesaid, and in failing to provide its locomotives, propelled by steam, with proper spark arresters, said rubbish was, during said month, set on fire by sparks escaping from the appellant's locomotives, and that said fire was started through the fault and negligence of the appellant as aforesaid, and, without fault on the part of the appellee, escaped from the premises of the appellant and set fire to and destroyed the appellee's wheat, to his damage $100.

The appellant, after its demurrer had been overruled, answered by a general denial. The cause was submitted to the court for trial. There was a finding for the appellee, upon which, over a motion for a new trial, judgment was rendered. The ruling of the court upon the demurrer to the first paragraph of the complaint is assigned as error.

The charge in the complaint is that the appellant negligently

set fire to dry grass, leaves and combustible matter, carelessly and negligently allowed to accumulate upon its right of way adjoining the premises on which the appellee's wheat was stacked; that the fire thus negligently started by the appellant, through said combustible matter, communicated to and destroyed the appellee's wheat. It is alleged that the appellant failed to provide for its locomotives proper spark arresters, and that said rubbish was set on fire by sparks escaping from said locomotive. This statement shows, and only shows, what is elsewhere directly averred in the complaint, that the rubbish was negligently set on fire by the appellant: It is clear that there is no averment in the complaint that the appellant negligently suffered the fire to escape from its right of way to the property of the appellee. Such an averment, according to the decisions in this State, is necessary. *Pittsburgh, etc., R. W. Co.* v. *Culver*, 60 Ind. 469; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 79 Ind. 111; *Louisville, etc., R. W. Co.* v. *Ehlert*, 87 Ind. 339. In the latter case, upon a petition for a rehearing, ELLIOTT, J., says: "The authorities are unusually harmonious in holding that the complaint must do more than show that the defendant, in such a case as this, negligently set fire to his own property; it must also show that he negligently caused or suffered the fire to be communicated to the property of the plaintiff."

In the case of *Louisville, etc., R. W. Co.* v. *Krinning*, 87 Ind. 351, it is not only averred in the complaint that the defendant negligently set fire to dry grass on its right of way, but "carelessly and negligently suffered, allowed and permitted the said fire to spread from its right of way to adjoining lands, and thence to the lands of appellee." This was sufficient, and there is nothing in the case inconsistent with the other cases upon the subject. There is no such averment in the complaint before us.

And in the case of *Louisville, etc., R. W. Co.* v. *Hanmann*, 87 Ind. 422, it is averred in the complaint, that "the appellant,

by its agents and servants, so negligently conducted the running of one of its engines that said engine fired said grass, weeds, etc., along its track and upon its right of way, and that *said engine fired the grass and other combustible material grown and accumulated upon the lands in the vicinity of, adjoining, and lying between the railroad and appellant's land,"* etc. These allegations distinguish this from the cases holding that an averment of negligence in suffering the fire to communicate to the property of the plaintiff is necessary. The fire in the case above referred to is alleged to have been communicated directly from the engine to the adjoining lands, etc.

We think the court erred in overruling the demurrer to the first paragraph of the complaint.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.