The Louisville, New Albany and Chicago Railway Company v. Parks.

No. 11,388.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY v. PARKS.

RAILROAD.—*Negligence.*—*Escape of Fire.*—*Complaint.*—In an action against
a railroad company to recover for property destroyed by fire originating
from sparks emitted by a passing locomotive, a complaint averring that
the sparks emitted from the smoke-stack of the locomotive were carried
therefrom "into the adjoining fields of the plaintiff, and by which the
same became ignited," is a sufficient averment of negligence on the part
of the defendant in permitting the fire to escape.

From the Owen Circuit Court.

*G. W. Friedley, E. ,D. Pearson* and *H. H. Friedley*, for ap-
pellant.

*J. W. Buskirk* and *H. C. Duncan*, for appellee.

COLERICK, C.—This action was instituted by the appellee
to recover the value of certain personal property which, it was
alleged, had been destroyed by fire caused by the emission of
sparks from a locomotive owned and operated by the appellant.

The complaint consisted of two paragraphs, to each of
which separate demurrers, assigning insufficiency of facts to
constitute a cause of action, were overruled. The issues were
tried by a jury, and resulted in the rendition of a judgment
in favor of the appellee. The only errors assigned that have
been discussed relate to the rulings of the court below on
the several demurrers to the complaint.

It is insisted by the appellant that the first paragraph of
the complaint was insufficient, because it failed to allege that
the appellant negligently permitted the fire to escape from its.
right of way to the appellee's field, where the injury com-
plained of occurred. It averred, as to negligence, " that said
railroad, in passing through the said county of Monroe, passed
over and through the defendant's farm ; that on said day the
said defendant had negligently permitted, where the same
passed over and through the plaintiff's said farm, and on
divers other places on their said road, large quantities of

hay, grass, stubble, leaves, rotten wood, and divers other kinds of litter, to accumulate along the line of their said road, by the side of and on their said track, and on each side thereof on their right of way, and all of which were dry and combustible and easily and readily fired and burned; that on said day said company, by their agents, servants and employees, run their locomotive and train of cars over that portion which runs through the plaintiff's said farm, and while said locomotive was not then and there provided with a sufficient spark-arrester or device to prevent the discharge of sparks of fire and live coals when the said locomotive was running—that the netting over the stops of the smoke-stack on said locomotive was defective, out of repair, and full of holes—by reason of which large quantities of coals of fire and large sparks of fire were emitted from said smoke-stack, and carried a long way into the said rubbish and litter which said defendant had so negligently permitted to accumulate on and by their said railroad track and on their said right of way, and into the adjoining fields of the plaintiff, and by which the same became ignited, and which fire was by the said rubbish and litter negligently communicated to the plaintiff's said field, by which the same was fired; that said fire spread over the plaintiff's field, burning and destroying, etc.; * * * that all of said damage was without any fault or negligence on the part of this plaintiff. Wherefore," etc.

It is settled in this State, by the decisions of this court, that a complaint against a railroad company for damages resulting from an escape of fire from its right of way, must aver negligence on the part of the company in permitting the fire, if started on its right of way, to escape therefrom to the adjoining premises. *Pittsburgh, etc., R. W. Co.* v. *Culver*, 60 Ind. 469; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 79 Ind. 111; *Louisville, etc., R. W. Co.* v. *Spenn*, 87 Ind. 322; *Louisville, etc., R. W. Co.* v. *Ehlert*, 87 Ind. 339; *Indiana, etc., R. W. Co.* v. *Adamson*, 90 Ind. 60; *Indiana, etc., R. W. Co.* v. *McBroom*, 91 Ind. 111.

Although the averments in the first paragraph of the complaint in this case, so far as they charge negligence in permitting the fire to escape from the right of way of the appellant to the field of the appellee, were not stated with the exactness and precision which characterize skilful or careful pleading, yet, we think, it sufficiently appears therefrom that the negligence referred to was intended to be imputed to the appellant. If the averments, in this respect, were indefinite and uncertain, it was the privilege and right of the appellant, by motion, to have had them made definite and certain. *Brookville, etc., T. P. Co.* v. *Pumphrey*, 59 Ind. 78 (26 Am. R. 76). It will be observed that it is averred in this paragraph of the complaint that the sparks which were emitted from the smokestack of the locomotive were carried therefrom "into the adjoining fields of the plaintiff, and by which the same became ignited, etc." This averment certainly made the pleading sufficient. See *Louisville, etc., R. W. Co.* v. *Hanmann*, 87 Ind. 422; *Indiana, etc., R. W. Co.* v. *Adamson, supra.* No error was committed in overruling the demurrer.

The facts averred in the second paragraph of the complaint were, in substance, the same as those alleged in the first paragraph, except that the averments show that the fire was solely caused by sparks which were emitted from the smokestack of the locomotive, and carried directly therefrom to the field of the appellee, and there caused the injury complained of, which, it was averred, occurred through the negligence of the appellant, and without any fault or negligence on the part of the appellee. This paragraph was undoubtedly good, and the demurrer thereto was properly overruled. See authorities last cited above.

As there is no error in the record the judgment ought to be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Sept. 25, 1884.