Filed Feb. 2, 1894.

‑‑‑‑‑‑‑‑✦‑‑‑‑‑‑‑‑

No. 1,116.

## The Lake Erie and Western Railroad Company *v.* Miller.

RAILROAD.—*Damages to Land by Fire.*—*Negligence.*—*Sufficiency of Complaint.*—*Proximate Cause.*—*Spark Arresters.*—In an action against a railroad company for damages caused by fire being communicated to plaintiff's lands, the complaint alleged, among other things, that on the 29th day of October, 1891, the premises of A. were fired from sparks and coals of fire emitted from a passing locomotive on said railroad, belonging to defendant, and that defendant, in running said locomotive over said railroad, carelessly and negligently omitted to provide said locomotive with sufficient and proper spark arresters, and carelessly and negligently permitted the spark arresters used in said locomotive to become defective and full of holes, so that the same would not prevent the emission of large and dangerous sparks and coals of fire from said engine; and that without plaintiff's fault said coals of fire, so emitted from said locomotive, set fire to the premises of A., and without plaintiff's fault said fire spread and communicated to plaintiff s lands, etc., to his damage, etc.

*Held,* that the complaint does not state a cause of action, the only negligence charged being in relation to the spark arresters, and the spark arresters not being shown to have been the proximate cause of the injury.

From the Hamilton Circuit Court.

*W. E. Hackedorn, J. B. Cockrum, W. R. Fertig* and *H. J. Alexander,* for appellant.

*W. S. Christian* and *I. W. Christian,* for appellee.

Lotz, J.—This action was commenced by the appellee against the appellant, to recover damages caused by fire.

The complaint is in two paragraphs. A demurrer for want of facts was overruled to each. The cause was put at issue by an answer in denial, and tried by the court without the aid of a jury.

The court, at the request of the appellant, made a special finding of the facts, stated conclusions of law, and rendered judgment in favor of appellee.

It affirmatively appears from the record, that the finding and judgment are based upon the first paragraph of the complaint.

The first error assigned calls in question the decision of the court in overruling the demurrer to the first paragraph of the complaint.

This paragraph avers that the appellant owns and operates a railroad, which "railroad runs through the county of Hamilton and near the farm of John Kinder, in said county; that on the 29th day of October, 1891, the premises of said Kinder were fired from sparks and coals of fire emitted from a passing locomotive on said railroad, belonging to defendant, and said defendant, in running said locomotive over said railroad, carelessly and negligently omitted to provide said locomotive with sufficient and proper spark arresters, and carelessly and negligently permitted the spark arresters used in said locomotive to become defective and full of holes, so that the same would not prevent the emission of large and dangerous sparks and coals of fire from said engine; and said plaintiff says that, without any fault or negligence on his part, said coals of fire so emitted from said locomotive set fire to the premises aforesaid, and without any fault or negligence on the part of plaintiff said fire spread and communicated to the lands of plaintiff, destroying his fences on said farm, fence rails, and killing and destroying his timber and pasture and meadow, to

the damage of plaintiff in the sum of one hundred and fifty dollars.''

From the allegations, it appears that Kinder's farm or premises were near (perhaps contiguous to) the appellant's right of way and railroad; that the appellee's lands were in the vicinity of (perhaps contiguous to) the lands of Kinder; that the fire was communicated directly from the locomotive to the lands of Kinder, and thence spread to the lands of the appellee.

The objections urged against the complaint by appellant's counsel are that it does not allege that the appellant was negligent in permitting the fire to escape to the lands of Kinder; nor that the appellant was negligent in permitting the fire to spread from Kinder's land to the lands of the appellee; nor that the injury was the proximate consequences of the failure to furnish sufficient spark arresters, or keep them in repair.

An examination of the complaint discloses that the allegations of negligence all relate to the spark arresters, ''carelessly and negligently omitted to provide   *   *   * proper spark arresters, and carelessly and negligently permitted the spark arresters   *   *   *   to become defective and full of holes.''   There is no allegation that the locomotive was negligently run, nor that the fire was negligently permitted to escape, either to the right of way or to the lands of Kinder, or to the lands of appellee.

If one recklessly set fire upon his own lands, or on the lands of another, and such fire communicates to adjoining lands, he is liable for the injury resulting, not because he is guilty of mere passive negligence, but because he is guilty of a positive wrong. *Louisville, etc., R. W. Co.* v. *Nitsche*, 126 Ind. 229.

The complaint does not proceed upon the theory of a positive wrong, but of passive negligence.   The failure

to properly equip the locomotive with spark arresters, of itself, does not constitute a positive wrong, but mere passive negligence. If one, rightfully or wrongfully, carefully or negligently, set fire upon his own lands, or upon the lands of another, and negligently permit it to escape to adjoining lands, he will be liable for the injury resulting. The complaint charges that the premises of Kinder were fired from sparks and coals of fire emitted from a passing locomotive. This might have been done by a locomotive properly equipped. There is no allegation that the coals and sparks were negligently permitted to escape to the lands of Kinder, unless such inference necessarily results from the allegation that the appellant negligently failed to equip the locomotive with proper spark arresters.

Was the starting of the fire on Kinder's land the necessary sequence of the failure to properly equip the locomotive with spark arresters? We think not. The starting of the fire did not necessarily depend upon the equipment of the locomotive. The fire might have escaped from a locomotive properly equipped, either with or without negligence; and it might have escaped from a locomotive improperly equipped, either with or without negligence. The escape of the fire did not necessarily depend upon the condition of the locomotive. Hence we conclude that negligence in equipping the locomotive does not necessarily constitute negligence in permitting the fire to escape.

Was the injury to appellee's land the proximate result of the alleged negligence? It is a long stretch from the defective spark arresters to the property injured on the lands of appellee; but if the negligence in failing to supply proper spark arresters was the controlling cause of the injury, and the chain of causation was unbroken, then it may be said to be the proximate cause. It is

easy to conceive how a negligent escape of fire might result in an injury remote in place and time from the first.

Does the characterization of the spark arresters as defective, and the negligence in equipping the locomotive, so sway and influence the subsequent causations as make them negligent without any further averment to that effect? There may be cases where such a conclusion might be reached, but the case at bar is not one of them. Upon this point we are not without authority.

In *Pittsburgh, etc., R. W. Co.* v. *Culver*, 60 Ind. 469, the averment was, that the defendant negligently set fire to rubbish and trash along and upon its right of way, which fire did communicate to and destroy the plaintiff's wood upon lands near the right of way. NIBLACK, C. J., said: "In cases like the one presented    *    *    * negligence in permitting the spread of the fire to contiguous property constitutes the gist of the action, and hence such negligence must be both alleged in the complaint and proved on the trial, to entitle the plaintiff to recover. Negligence in starting the fire may be such in many cases, as will tend to establish negligence in allowing it to communicate to the property of others, and to thus characterize the whole transaction as a negligent one; yet an averment that the fire was negligently started will not dispense with, or supply the place of, an allegation that the fire was negligently allowed to communicate to the property of other persons, as above stated."

The case of *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 79 Ind. 111, was a much stronger one than the case at bar. There the fire escaped from the engine to the right of way, and thence communicated to the plaintiff's lands. The allegations were that coals were negligently dropped and sparks and fire emitted from the engine, which set fire to dry grass, weeds, and rubbish and other combusti-

bles, by defendant negligently suffered to gather on the right of way, and that said fire, by the medium of said combustibles, communicated to the plaintiff's land. There was no averment that the communication of the fire from the right of way to the plaintiff's land was negligent. The court held that there was no negligence alleged which was the proximate cause of the injury, to wit, permitting the fire to escape upon the plaintiff's land.

See, also, *Louisville, etc., R. W. Co.* v. *Spenn,* 87 Ind. 322; *Louisville, etc., R. W. Co.* v. *Ehlert,* 87 Ind. 339; *Louisville, etc., R. W. Co.* v. *Hanmann,* 87 Ind. 422; *Indiana, etc., R. W. Co.* v. *Adamson,* 90 Ind. 60; *Indiana, etc., R. W. Co.* v. *McBroom,* 91 Ind. 111; *Louisville, etc., R. W. Co.* v. *Parks,* 97 Ind. 307.

The appellee cites and relies upon the cases of *Brinkman* v. *Bender,* 92 Ind. 234, and *Pittsburgh, etc., R. W. Co.* v. *Jones,* 86 Ind. 496, in support of the complaint.

In those cases the concluding charge of the complaint avers that the fire was caused wholly by the fault and negligence of the defendant. This charge was held to be broad enough to impute negligence to everything the defendant did or suffered to be done. But there is no such averment in this complaint. The concluding averments here only negative contributory negligence on the part of the appellee.

Judgment reversed, at costs of appellee, with instructions to sustain the demurrer to the first paragraph of amended complaint.

Filed Feb. 13, 1894.