No. 1,226.

THE CHICAGO AND ERIE RAILROAD COMPANY *v.* HOUSE.

RAILROAD.—*Damages to Property.*—*Permitting Fire to Escape from Right of Way.*—*Necessary Allegations.*—In an action against a railroad company to recover the value of property destroyed by fire, the complaint is sufficient which showed that the company negligently permitted combustible material to accumulate on its right of way, which caught fire from a passing engine, and which was negligently permitted to spread onto plaintiff's property, which was thereby destroyed, etc.

From the Porter Circuit Court.

*O. Gresham, N. L. Agnew* and *D. E. Kelley*, for appellant.

*A. D. Bartholomew*, for appellee.

LOTZ, C. J.—The appellee brought this action to recover the value of property destroyed by fire, alleged to have been caused by the negligence of the appellant.

The complaint is in two paragraphs. The assignments of errors are:

(134)

1. That the trial court erred in overruling appellant's demurrer to the complaint.

2. That the complaint does not state facts sufficient to constitute a cause of action.

It appears from the allegations of the first paragraph, that the appellant's railroad extended along the south line of the appellee's land, the right of way abutting thereon; that the appellant negligently permitted dry leaves, grass, rubbish and other combustible matter to accumulate and lie upon the right of way; that said combustible matter took fire from sparks emitted from a passing engine, and which fell thereon; "that the fire caused and caught as aforesaid, through the carelessness and negligence of said defendant, was permitted to, and did, spread over and onto said plaintiff's land, and did then and there burn up, consume and destroy" plaintiff's property.

The fact that the fire was permitted to escape from the engine to and upon the right of way, is not sufficient to charge the appellant with the liability. It must further appear that it was negligently permitted to escape from the right of way to and upon the lands of the appellee. *Lake Erie, etc., R. R. Co.* v. *Miller,* 9 Ind. App. 192; *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 79 Ind. 111; *Louisville, etc., R. W. Co.* v. *Spenn,* 87 Ind. 322; *Louisville, etc., R. W. Co.* v. *Ehlert,* 87 Ind. 339.

It is averred that the appellant negligently permitted the combustible matter to accumulate upon the right of way and negligently failed to remove the same. It is further averred that the fire, caused and caught as aforesaid through the carelessness and negligence of the appellant, was permitted to spread. Whether the negligence here alleged relates to the manner in which the fire was caused, or to the spread of the fire, admits of some doubt; but when the complaint is considered as an

entirety we are inclined to the opinion that the negligence charged relates to the spread of the fire. If this construction be correct, this paragraph is sufficient. The second paragraph of the complaint differs from the first in that it charges that the engine was negligently constructed and managed; that it emitted large sparks and coals of fire, which were carried by the wind and fell upon the appellee's land and thus caused the fire. Under these averments, the fire was communicated directly from the engine to appellee's land, and on account of the negligent construction and management of the engine. This paragraph is also sufficient to withstand the demurrer. Under the assignment, if either paragraph is good the assignment fails.

Judgment affirmed at costs of appellant.

Filed May 29, 1894.