No. 1,855.

## CHICAGO & GRAND TRUNK RAILWAY COMPANY v. BURDEN.

RAILROAD.—*Damage by Fire.*—*Negligence.*—A railroad company is liable for damages to land not contiguous to its right of way, from a fire negligently permitted to escape from its right of way upon the contiguous land, whence it was communicated to the land in question, where the fire was a continuous one.

EVIDENCE.—*Value of Property.*—*Opinion.*—A witness who has actual knowledge of the very property in controversy is competent to give an opinion as to its value, basing such opinion upon the facts to which he has already testified.

SAME.—*Value of Land.*—*Damage by Fire.*—*Productiveness.*—The capacity of lands to produce crops before and after an injury by fire thereto, is an element to be considered in determining the value and ascertaining the damages.

From the Laporte Circuit Court.

*W. Johnston,* for appellant.

*Weir & Weir* and *H. R. Weir,* for appellee.

LOTZ, J.—The appellant owned and operated a railroad in the vicinity of the appellee's land. A fire originated on the right of way which spread to contiguous lands and from thence to the appellee's land. Adjoining the plaintiff's lands were marsh lands, and the peaty soil was burned. This action was brought to recover the damages sustained. The first assignment of error calls in question the sufficiency of the complaint.

It is alleged that a fire originated on the right of way and that the defendant negligently permitted it to escape to contiguous land and from thence to plaintiff's lands. The gist of the action is the negligence in permitting the fire to escape from the right of way. If

the first escape was a negligent one, and the fire which did the damage a continuous one, the appellant must answer for the damage done.    This is settled by many adjudications.    *Lake Erie, etc., R. R. Co.. v. Miller,* 9 Ind. App. 192 ; *Louisville, etc., R. W. Co.* v. *Krinning,* 87 Ind. 351.    There are also other allegations of negligence, but the negligent escape from the right of way makes the complaint sufficient.

It is also contended that the trial court erred in overruling the motion for a new trial.    On the trial of the cause the appellee gave evidence of the value of the land before and after the fire.    The appellee was a witness in his own behalf, and he also called two other witnesses, and he and they were permitted over the appellant's objection to give their opinion as to the value of the land both before and after the fire.    The appellant objected to this evidence on the ground that it had not been shown that the witnesses had knowledge of the value of the land burned.    The witnesses, however, all testified that they lived in the vicinity and had been upon and were personally acquainted with the land.    A witness who has actual personal knowledge of the very property in controversy is competent to give his opinion as to its value, basing such opinion upon the facts to which he had already testified.    *Evansville, etc., R. R. Co.* v. *Fettig,* 130 Ind. 61 ; *Smith* v. *Indianapolis, etc., R. R. Co.,* 80 Ind. 233.    There was no error in this ruling.

Nor was there any error in permitting the appellee to show how much the land burned produced before and after the fire.    The capacity of the lands to produce crops before and after the injury was an element to be considered in determining the value and ascertaining the damages.

It is also insisted that the court erred in permitting the appellee to give evidence tending to prove that a fire originated from the same engine about one week after the one that burned the appellee's land. The fact that the fire which did the damage originated upon the appellant's right of way was undisputed. There was, therefore, no reversible error in admitting this evidence. We find no reversible error in the record.

Judgment affirmed.

Filed March 5, 1896.