## WABASH RAILROAD COMPANY *v.* LACKEY ET AL.

[No. 4,396.   Filed May 13, 1903.]

RAILROADS.—*Fires Escaping from Right of Way.—Damages to Land not Contiguous.—Complaint.*—A complaint against a railroad company for damages from fire to land not contiguous to defendant's right of way need not aver that the fire was negligently permitted to escape from the intervening land, where it contains the allegation that the fire was negligently permitted to escape from the right of way.  *pp. 104, 105.*

APPEAL.—*When Record Fails to Show Paragraph on which Verdict Rests.*—Where, on appeal, it does not affirmatively appear from the record upon which of several paragraphs of complaint a verdict rests, the judgment must be reversed if any paragraph is bad. *p. 106.*

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Action by Mary A. Lackey and others against the Wabash Railroad Company. From a judgment for plaintiffs, defendant appeals.   *Reversed.*

*E. P. Hammond, W. V. Stuart, D. W. Simms* and *G. E. Clarke,* for appellant.

*E. E. Weir* and *Lemuel Darrow,* for appellees.

ROBINSON, J.—Suit by appellees for damages from fire alleged to have escaped from appellant's right of way to appellees' premises.   The amended complaint is in three paragraphs.   The first avers that appellees' lands adjoin the land of one Shultz, through whose land the road runs; that appellant had carelessly permitted dry grass, weeds, and other combustible material to accumulate on its right of way; that it negligently set fire to this material with sparks from an engine; that it negligently permitted the fire to escape from its right of way to the lands of Shultz; "that the fire so set out by the defendant as aforesaid was communicated from the lands of the said Shultz to the lands of these plaintiffs, igniting the lands" of appellees.   The second paragraph avers the negligent accumulation of com-

bustible material on the right of way, and that it was ignited by a spark from a locomotive; that "the fire so ignited on the right of way of defendant was by the defendant carelessly and negligently suffered and permitted to escape therefrom to the lands of the said Shultz, igniting the same, and from thence to the lands of these plaintiffs, igniting the turf thereof," to their damage. The third paragraph recites the same facts as the first and second, but does not aver that any act of appellant, whether of commission or of omission, was careless or negligent. A demurrer to each paragraph of the complaint was overruled. A trial by jury resulted in a verdict for appellees. The sufficiency of the complaint is the only question argued by appellant.

Counsel argue that the first paragraph of complaint is insufficient because of its failure to charge negligence in permitting the fire to escape from the lands of Schultz to the lands of appellees. It sufficiently appears from the language of the pleading that the fire that burned appellees' property was a continuation of the fire that started on appellant's right of way. The courts recognize a well defined distinction between negligently igniting material on the right of way, and negligently permitting such fire to escape from the right of way and communicate to the property of other persons. *Pittsburgh, etc., R. Co.* v. *Culver,* 60 Ind. 469; *Pittsburgh, etc., R. Co.* v. *Hixon,* 79 Ind. 111; *Louisville, etc., R. Co.* v. *Ehlert,* 87 Ind. 339. But we do not understand the rule to be that the complaint must aver that the company negligently permitted the fire to escape from each successive tract of land after it left the right of way until it reached the land of the party complaining. In such a case, negligence in permitting the fire to escape onto the adjoining land "is the gist of the action." *Louisville, etc., R. Co.* v. *Ehlert, supra; Pittsburgh, etc., R. Co.* v. *Culver, supra; Louisville, etc., R. Co.* v. *Hanmann,* 87 Ind. 422.

In the case last above cited the complaint averred that the company negligently permitted combustible matter to remain upon its right of way at a time of drouth, and that an employe so negligently ran an engine that it fired the grass "and other combustible material grown and accumulated upon the lands in the vicinity of, adjoining, and lying between the railroad and appellee's land." It is true in that case there was a general averment that the fire was the result of the company's negligence; but, aside from that, the court said: "We think that, upon a reasonable construction of the complaint, negligence is charged, not only in setting fire to the grass, etc., upon the right of way, but also to grass, etc., upon adjoining lands, between the right of way and appellee's land. If grass, etc., upon adjoining lands was thus negligently fired, it would not seem necessary to allege further that the fire, ignited upon the right of way, was negligently allowed to escape." It would seem that the same course of reasoning that would sustain appellant's claim in the case at bar would have required the above case to hold that the complaint must show also that the company negligently permitted the fire to escape from the adjoining land to the appellee's land.

Moreover, construing the pleading as showing that the fire that did the damage was a continuous fire from that which escaped from the right of way, the question presented has been decided by this court. In *Chicago, etc., R. Co. v. Burden,* 14 Ind. App. 512, the court said: "It is alleged that the fire originated on the right of way and that the defendant negligently permitted it to escape to contiguous land and from thence to plaintiff's lands. The gist of the action is the negligence in permitting the fire to escape from the right of way. If the first escape was a negligent one, and the fire which did the damage a continuous one, the appellant must answer for the damage done",—citing *Lake Erie, etc., R. Co. v. Miller,* 9 Ind. App. 192; *Louisville, etc., R. Co. v. Krinning,* 87 Ind. 351.

What we have said above applies to the second paragraph, and we think the first and second paragraphs good against a demurrer.

The third paragraph of the complaint is clearly insufficient, and the demurrer to it should have been sustained. And it has been held a number of times that if it does not affirmatively appear from the record upon which paragraph of the complaint the ·verdict rests, the judgment must be reversed if any paragraph of the complaint is bad; but if the record affirmatively shows that the verdict and judgment are based entirely on another paragraph which is good, the erroneous ruling is harmless. Ewbank's Manual, §257, and cases there cited. Counsel for appellees admit that the third paragraph of complaint is insufficient, and that overruling the demurrer to that paragraph was error, but insist that the record shows that appellant was not harmed by the ruling. It is not claimed that the record affirmatively shows that the verdict is based entirely upon the first or second paragraphs, but it is claimed that the court's instructions to the jury show that the court's ruling on the demurrer was harmless. But we can not say that this is shown by the instructions. An issue was formed upon this paragraph, and appellant was required to go to trial upon a paragraph of complaint that was clearly insufficient. The evidence has not been brought into the record, and there is nothing in the answers to interrogatories that indicates in any way upon which paragraph the verdict rests. It is true the court assumed that the third paragraph was good, and told the jury that the gravamen of the three paragraphs of the complaint is negligent escape of the fire from the right of way to the lands of appellees. But we fail to see anything in this that affirmatively shows that the verdict was returned upon the good paragraphs. There were other essential acts of negligence wholly omitted from the third paragraph. The rule is not that the record does not show that the verdict rests upon the bad paragraph, but

that it affirmatively appears that the verdict rests upon a good paragraph. Our attention has been called to nothing that takes the case out of the general rule.

Judgment reversed.