Tripp *v.* Riley.

[CAYUGA GENERAL TERM, June 6, 1853. *Selden, Johnson* and *T. R. Strong,* Justices.]

———————

TRIPP *vs.* RILEY and DEWEY.

15b 333
40ap 40

Where a tenant, who has taken land to work on shares, agreeing to deliver to the landlord one half the crop, employs another person to thrash the crop, for one-tenth, or every tenth bushel, all the parties are tenants in common of the crop.

And the landlord having taken away his half of the grain after the same was thrashed, and the tenant having taken and disposed of a portion of the remaining half, leaving about 70 bushels in the barn for the person thrashing the grain, as his share; *Held* that this amounted to a partition between those parties, and that the person who had thrashed the grain might maintain an action, for the conversion of the share so left, against persons claiming the same as the property of the tenant.

The right of severance, among tenants in common, by one tenant of his share, always existed, at common law, as to all property in its nature severable.

Where personal property, severable in its nature, in common bulk, and of the

Tripp *v.* Riley.

same quality, is owned by several as tenants in common, each tenant may sever and appropriate his share, if it can be determined by measurement or weight, without the consent of the others, and sell or destroy it, without being liable to them in an action for the conversion of the common property. One tenant in common may maintain an action against a stranger, for a conversion, and recover his separate interest, when the nonjoinder is not pleaded in abatement.

APPEAL from the decision of the Wayne county court, reversing a judgment of a justice of the peace. The action was brought to recover the value of the plaintiff's interest in a quantity of wheat, about seventy bushels, which it was alleged the plaintiff and one Thomas Hare owned in common. The defendants, by their answer, denied the allegations in the complaint, and alledged that if any wheat was taken it was by virtue of an attachment in favor of John Wells and Philip C. Wells, against Thomas Hare, to whom the wheat belonged. Hare was examined as a witness, and testified that he raised the wheat in question, upon the land of Wells, on shares. Hare was to thrash the wheat and deliver one half to Wells, after it was thrashed. He employed the plaintiff to thrash it ; agreeing to pay him one-tenth for thrashing. The plaintiff thrashed about 400 bushels. His tenth part had not been divided off to him, but Wells had drawn away his part of the wheat, and Hare had drawn away a part of his share and sold it ; leaving about 70 bushels in the barn, for the plaintiff. The taking and conversion by the defendants was proved. The justice rendered a judgment in favor of the plaintiff for $40,27, besides costs ; which the county court reversed.

*T. Hastings,* for the appellant.

*Sherwood & Mackenzie,* for the respondents.

*By the Court,* JOHNSON, J. Hare raised the wheat in question upon shares. He was to deliver to Wells, his landlord, one-half the crop, thrashed and cleaned in the half bushel. He agreed with the plaintiff to thrash the crop on shares, he the plaintiff to have one tenth, or every tenth bushel, for thrashing.

Tripp *v.* Riley.

The case of *Putnam* v. *Wise*, (1 *Hill*, 234,) holds that where a tenant who had taken land to work on shares, after his agreement with the landlord, entered into an agreement with third persons to do a portion of the work and take a certain share of the crops raised, all the parties, including such third persons, became tenants in common of the crop. The principle there established clearly embraces this case. It can make no difference what part of the work the subcontractor is to perform: whether it is preparing the ground, harvesting, or thrashing the crop, he becomes a tenant in common, to the extent of his share under the agreement, when his labor is performed. So when logs are delivered at a saw mill, to be sawed upon shares, the miller to have one-half of the boards when manufactured, the miller and the owner of the logs are tenants in common of the lumber when the contract is fully performed. (*Pierce* v. *Schenck*, 3 *Hill*, 28.)

The plaintiff was therefore a tenant in common with Wells and Hare, owning one-tenth of the whole crop. Wells owned one-half, and Hare four-tenths. Wells, as appears from the evidence, took one-half, as he had a right to do, and this operated as a severance of his interest, leaving the plaintiff and Hare tenants in common of the residue in proportions of one-fifth and four-fifths. Before the taking complained of, Hare had taken and disposed of a large portion of the remaining one-half, so that at the time of the alleged conversion there only remained of the crop thrashed about seventy bushels. What was the plaintiff's interest in this seventy bushels thus remaining? Was he the owner of forty bushels of the seventy, the quantity originally belonging to him, or of one-fifth only of that quantity?

The common law gave tenants in common of personal property no remedy by any legal proceeding for partition. They were compelled to resort to equity when they could not agree upon a severance of their respective interests, and the common property was not in its nature severable. But I apprehend the right of severance, amongst tenants in common, by one tenant of his share, always existed at common law as to all property in its nature severable. I do not find the point any where expressly adjudged, and no case is referred to. But it seems to me that

where personal property, severable in its nature, in common bulk, and of the same quality, is owned by several as tenants in common, each tenant may go and sever and appropriate his share, if it can be determined by measurement or weight, without the consent of the others, and sell or destroy it, without being liable to them in an action for the conversion of the common property. And where one tenant in common takes from the common property, under such circumstances, if he does not take beyond his proportion or share, he will be presumed, in law, to have severed and taken his own, merely. The rule would be different in the case of property not severable in its nature. As animals, for instance, where each tenant has the same right to every animal. And so of other property where the quality and value of one article or portion are different from that of other articles or portions, and each possesses a distinct and obvious identity. In such cases the partition must necessarily be by agreement or proceedings in equity. But partition of personal property held in common was always a matter of absolute right, both by the civil and the common law, and might be called for by either tenant, at any time. (*Bacon's Abr. Joint Tenant, I.* 7. *Domat,* 1498.) The difficulty of making partition formed no obstacle to the right, or the remedy.

If the foregoing views of the rights of tenants in common are correct, it follows that the plaintiff had forty bushels of wheat of the quantity remaining on hand at the time of the conversion. But in addition to this, Hare testifies that he left this expressly for the plaintiff. This is clear evidence of his intention, at the time of severing a portion, to take his own share merely, and if necessary an assent on the part of the plaintiff might be presumed, under the circumstances, so as to work a partition to the extent to which it was made by mutual assent and agreement. The defendants, from aught that appears in the evidence, were entire strangers to all the owners of the common property, and naked wrongdoers.

One tenant in common may maintain an action against a stranger, for a conversion, and recover his separate interest, when the nonjoinder is not pleaded in abatement. (*Gilbert* v. *Dick-*

*erson,* 7 *Wend.* 449. 4 *Camp.* 272. 1 *Saund.* 291, *c. note u.*)
The judgment of the justice was therefore right, and that of the
county court wrong.

Judgment of the county court reversed, and that of the justice
affirmed.

[CAYUGA GENERAL TERM, June 6, 1853. *Selden, T. R. Strong* and *Johnson,*
Justices.]