The Pittsburgh, Cincinnati and St. Louis Railway Company v. Jones.

No. 9984.

## THE PITTSBURGH, CINCINNATI AND ST. LOUIS RAILWAY COMPANY v. JONES.

RAILROADS.— *Liability for Fires.*— *Negligence.*— *Pleading.*— A complaint against a railroad company for setting fire to the plaintiff's fences, etc., averring that the defendant carelessly permitted dry grass to accumulate on its right of way, which was set on fire by sparks from its passing locomotive, that the fire escaped to the plaintiff's lands adjoining, and destroyed his fences and grass, and that the fire and injury were not caused by the fault or neglect of the plaintiff, but wholly by the neglect and carelessness of the defendant, sufficiently shows that the escape of the fire from the locomotive, and its communication to the plaintiff's property, were the result of the defendant's negligence.

SAME.—*Right of Way.*—*Adjacent Owner.*—*Possession.*—*Contributory Negligence.* —The right of way of a railroad company is only an easement, the fee remaining in the owner of the soil, but the railroad company has the exclusive right of possession, so that the owner of the fee has no right to enter and remove combustibles ; that the company permits them to accumulate may warrant a finding of negligence by the company, and it is not contributory negligence for the adjacent owner to permit dry grass and stubble on his lands which will spread fires negligently set by the company.

From the Wayne Circuit Court.

*W. D. Foulke* and *J. L. Rupe,* for appellant.

NIBLACK, J.—Suit by Levi M. Jones against the Pittsburgh, Cincinnati and St. Louis Railway Company for setting fire to, and causing the destruction of, certain property. The complaint was in two paragraphs. The first charged that the plaintiff was owner of a certain tract of land situate in Wayne county, and upon and adjoining the south side of the defendant's railway ; that, on or about the 16th day of August, 1881, the defendant carelessly and negligently permitted long and dry grass to accumulate along and upon the track of said railway, and upon its land adjoining the land of the plaintiff; that said grass was very combustible ; that on that day, while the defendant was running and conducting a locomotive along said railway track, where said grass had accumulated, sparks

The Pittsburgh, Cincinnati and St. Louis Railway Company v. Jones.

and fire escaped from said locomotive and set fire to said grass; that the fire communicated to the premises of the plaintiff, and burned, consumed and destroyed two thousand and five hundred rails, which constituted a fence upon the plaintiff's land; that said fire also communicated to the grass upon the plaintiff's meadow situate upon his land, and burned up twelve acres of said meadow grass, and other property of the plaintiff, all of the aggregate value of $250; that said fire, injury and damage were not, in any manner, caused by the act, fault or neglect of the plaintiff, but wholly by the neglect and carelessness of the defendant.

The second paragraph charged that a second fire was started by the defendant, and communicated to the premises of the plaintiff, on the 15th day of August, 1881, under circumstances substantially similar to those set forth in the first paragraph. Demurrers were severally overruled to both paragraphs of the complaint. Issue, trial by a jury, verdict and judgment for the plaintiff for $188.

The first question made here is upon sufficiency of the complaint. It is insisted in argument, on behalf of the appellant, that the demurrers ought to have been sustained to both paragraphs, because of their failure to aver—

*First.* That the fire had been negligently permitted to escape from the locomotive and to ignite the grass.

*Second.* That the fire was negligently allowed to be communicated to, and to extend over, the premises of the appellee.

The case of the *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 79 Ind. 111, is cited as sustaining both of these objections to the complaint. The averments in the complaint as to the imputed negligence of the appellant were not made in the usual form, nor in the connection in which such averments are most appropriate in cases like this, but the concluding charge substantially contained in both paragraphs, that the fire, injury and damage complained of in the complaint were caused "wholly by the neglect and carelessness of the defendant,"

Vol. 86.—32

was, in our estimation, sufficient to characterize all the appellant had done and permitted in the premises as having been negligently done and permitted. In that view the demurrers were correctly overruled to both paragraphs of the complaint. It is next insisted that the court erred in overruling the appellant's motion for a new trial, under which some questions upon the sufficiency as well as the admissibility of evidence were reserved.

With their general verdict the jury returned answers to certain interrogatories submitted to them by the court. There seems to have been evidence tending to sustain the general verdict, as well as the answers to interrogatories, and hence, in that respect, we see no error in the refusal of the court to grant a new trial.

At the proper time the appellant moved for judgment in its favor upon the answers to the interrogatories, claiming that those answers were inconsistent with the general verdict; but the court overruled the motion and rendered judgment for the appellee on the general verdict.

Amongst the interrogatories submitted and answered were the following:

"Did the first fire described in the complaint originate on the right of way of the defendant at the point where it passes through the land of the plaintiff? Ans. Yes.

"Did the defendant suffer grass to accumulate where the first fire ignited in a manner which an ordinarily prudent person would not permit under the same circumstances on his own land? Ans. Yes.

"Was such accumulation the proximate cause of damage to the plaintiff by the first fire? Ans. Yes.

"Was not the plaintiff as well acquainted with the condition of the grass upon the defendant's right of way, where it passed through his land, as the defendant was? Ans. Yes."

Similar interrogatories were submitted and answered in the same way as to the second fire described in the complaint.

It was upon these interrogatories and answers that the claim of the appellant for judgment, in its favor, was based, and it is argued here with much earnestness that the appellant was entitled to judgment upon them.

The theory upon which the argument for the appellant rests is, that, at the point at which the grass was permitted to accumulate, the appellant's possession was a mere easement, the fee remaining in the appellee as the owner of the soil; that as the owner of the soil the grass belonged to the appellee, who had the right to go upon the appellant's right of way and remove it; that as the appellee was as well acquainted with the condition of the grass upon the right of way as the appellant, he was guilty of contributory negligence in not either removing the grass or causing it to be removed.

Rights of way are of different kinds, according to the uses for which they are granted or to which they are applied. Some of them may be used by the owner of the servient estate, in common with others or with the public. Others are necessarily exclusive in their character, and inure only to the benefit of the grantee or his assigns. Of the latter class are rights of way granted to railway companies.

In the case of *Williams* v. *New Albany, etc., R. R. Co.,* 5 Ind. 111, it was held that a railway company, after having acquired the right of way for its road, is entitled to the exclusive possession of the strip of land over which its right of way extends, and stands to adjoining proprietors in the common relation existing between landed proprietors bordering upon each other. The doctrine there announced seems never to have been since questioned in this court, but rather to have been accepted as a correct exposition of the law applicable to the subject to which it relates. See, also, 1 Thompson Neg. 162.

Allowing combustible material, liable to be set on fire by sparks and cinders thrown from passing locomotives, to accumulate and to remain upon and beside a railway track,

where there is nothing incombustible between the land of the railway company and the lands of adjoining owners to prevent the spread of fire, comprises a state of facts from which a jury may find negligence on the part of the railway company, and in such a case the failure of an adjoining proprietor to remove dry grass or stubble from his own land to prevent the spread of fire negligently set by the railway company, is not contributory negligence on his part. *Kellogg* v. *Chicago, etc., R. W. Co.,* 26 Wis. 223 (7 Am. R. 69); *Webb* v. *Rome, etc., R. R. Co.,* 49 N. Y. 420 (10 Am. R. 389).

It follows that an adjoining proprietor, even though he be the owner of the servient estate, is not guilty of contributory negligence in failing to remove dry grass from the right of way of a railway-company, as a precautionary measure against the spread of fire set by a locomotive.

It also follows that the court did not err in refusing to render judgment in favor of the appellant upon the interrogatories and answers set out as above.

The court permitted witnesses introduced by the appellee to answer certain questions, over the objection of the appellant, and the respective decisions of the court permitting those questions to be answered were assigned as causes for a new trial, and have been commented on in argument.

We have carefully considered all that has been said against the propriety of permitting those questions to be answered, and are unable to see that the appellant was injured by any of the answers objected to.

We have made no formal review of any of those questions and answers, because we regard what we have said as practically disposing of all the material questions fairly involved in this appeal.

The judgment is affirmed, with costs.