Brinkman v. Bender.

Filed Dec. 19, 1883.

No. 10,485.

BRINKMAN v. BENDER.

NEGLIGENCE.—*Liability for Fires.—Complaint.—Damages.*—In an action to recover damages for an injury done by fire escaping from the premises of the defendant to the premises of the plaintiff, an averment in the complaint that the fire was caused wholly by the fault of the defendant is enough to impute negligence to him in suffering it to escape, and such complaint is sufficient.

From the White Circuit Court.

*D. D. Dale* and *D. Turpie*, for appellant.

BEST, C.—The appellee brought this action to recover such damages as he had sustained in consequence of the destruction of his property by fire, set by the appellant.

Issue, trial, verdict and judgment for the appellee.

The error assigned is that the complaint does not state facts sufficient to constitute a cause of action.

The complaint, after alleging that the appellee owned certain described lands, averred, in substance, that the " defendant carelessly and negligently set out fire upon the lands of one Bennett, adjoining plaintiff's lands; that the grass growing where said fire was set was dry, combustible and extended to the plaintiff's lands; that said fire communicated with the premises of plaintiff, burnt and destroyed one thousand rails for him of the value of $50; destroyed an acre of grass of the value of $10, and burned the turf in his meadow to his damage $60; that said fire was not caused by any negligence on the part of the plaintiff, but that he used all means in his power to extinguish it and avoid the loss; that said fire was wholly the fault and negligence of the defendant, and by reason of the same the plaintiff has been damaged in the sum of $100."

The appellant insists that it is not averred that he negligently suffered the fire to escape, and for want of such averment, the complaint is insufficient, as was held in *Pittsburgh, etc., R. W. Co.* v. *Culver*, 60 Ind. 469, and in case of *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 79 Ind. 111.

In this conclusion he is mistaken, as the concluding charge of this complaint avers that the fire was caused wholly by his fault and negligence. This charge is broad enough to impute negligence to everything he did or suffered to be done, as was expressly decided in the case of *Pittsburgh, etc., R. W. Co.* v. *Jones*, 86 Ind. 496 (44 Am. R. 334), and in the case of *Louisville, etc., R. W. Co.* v. *Hanmann*, 87 Ind. 422. Upon the authority of these cases this complaint must be deemed sufficient.

No other objection is made, and as this one is not well taken, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.