JAMES CLARKE *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

JOSEPH SWINGLER *vs.* SAME.

May 12, 1885.

**Railroad Companies—Negligent Fire.**—Negligence may be imputed to a defendant railway company by a jury from evidence that combustible materials have been allowed to accumulate and remain upon its land, liable to be ignited by sparks from its engines, and to communicate fire to property upon adjoining lands.

Evidence considered, and *held* sufficient to support the verdict.

Both of these actions were brought before a justice of the peace in Scott county, to recover the value of hay alleged to have been destroyed by fire occasioned by sparks emitted from locomotives of defendant. The plaintiffs having recovered judgments before the justice, the defendant appealed to the district court, where the actions were tried before *Macdonald,* J., and a jury. General verdicts were rendered for plaintiffs, and special questions submitted to the jury were answered as follows:

"Did fire escape from defendant's locomotive which communicated to and destroyed plaintiff's hay?" Answer. "Yes."

"If fire escaped from defendant's locomotive which communicated to and destroyed plaintiff's hay, was it because of the defective construction of defendant's locomotive?" Answer. "Yes."

"If fire escaped from defendant's locomotive which communicated to and destroyed plaintiff's hay, was it because said locomotive was then and there out of repair?" Answer. "Yes."

"If fire escaped from defendant's locomotive which communicated to and destroyed plaintiff's hay, was it because said locomotive was improperly, or unskilfully, or negligently managed at the time said fire so escaped?" Answer. "Yes."

"Was the defendant negligent in allowing combustible material to accumulate upon its right of way which led to the destruction of plaintiff's hay by fire?" Answer. "Yes."

"Was plaintiff's hay destroyed because of defendant's negligence?" Answer. "Yes."

Defendant appeals from an order refusing new trials.

*Lorin Cray*, for appellant.

*R. H. McClelland*, for respondents.

VANDERBURGH, J. The finding of the jury that the fire which destroyed plaintiff's hay was communicated by defendant's engine is reasonably supported by the evidence, and needs no discussion. We also think there was evidence to support the special finding by the jury that the defendant was negligent in allowing combustible materials to accumulate upon the right of way, which fact led to the spread of the fire. There was some evidence indicating the presence of dry grass upon such right of way, and that the fire spread therefrom to the adjacent marshes or meadows, which it appears were also covered with a heavy growth of dead dry grass, highly combustible. The defendant's witnesses testify that such grass had been in fact entirely burned off, or removed from defendant's land, but we think on this issue there was a case for the jury, though upon the record before us the evidence would seem to preponderate largely in defendant's favor.

The evidence also shows that just before the fire broke out volumes of sparks were observed to escape from the smoke-stack of the engine, and, on the part of the defendant, it was shown that sparks are liable to escape more or less in the ordinary use of engines, though not out of repair or carelessly managed. If, therefore, combustible materials were allowed to remain upon defendant's land, liable, under the circumstances, to take and communicate fire to the adjacent meadows from sparks escaping in the ordinary running of trains on the road, the jury might be warranted in imputing negligence to the defendant on this ground. *Kellogg* v. *Chic. & N. W. Ry. Co.*, 26 Wis. 223; *Pittsburgh, etc., Ry. Co.* v. *Jones*, 86 Ind. 496; S. C. 44 Am. Rep. 337.

That plaintiffs had not taken precaution to prevent fire from communicating from the meadow to their stacks was not negligence *per se* on their part. *Karsen* v. *Mil. & St. P. Ry. Co.*, 29 Minn. 12.

As the special findings we have referred to seem to be sustained by the evidence, and are sufficient to support the verdict, while we have not overlooked the points made by appellant, we do not deem it

necessary to consider whether or not the evidence falls short of sustaining the other issues upon which special findings are made.

Order affirmed

DICKINSON, J., *dissenting.* I think that the verdict should be set aside. The special findings of the jury to the effect that the locomotive was defectively constructed, and out of repair, are erroneous. The evidence conclusively shows that the facts in these particulars were not as found. It is not apparent that these erroneous findings of the jury did not enter into and affect their further conclusion that there was negligence in allowing combustible matter to be upon the premises adjacent to the track. The finding of negligence in this latter particular was made by the jury, as must be assumed, in the contemplation of the circumstance expressed in their findings, but which is contrary to the evidence, that an engine in a defective condition, as respects the escape of fire, was being run over the road. If the peculiar danger to be apprehended from the running of a defective engine over the premises had been eliminated from the consideration of the jury, it is not clear that they would have deemed the defendant negligent in respect to the combustible matter along the side of the road. The proper measure of carefulness is to be determined with regard to the nature and the degree of danger to be apprehended. The case, therefore, shows error which it is reasonable to suppose may have affected the result. I know no exception to the rule that in such a case a new trial must be awarded.