The Louisville, New Albany and Chicago Railway Co. *v.* Hart *et al.*

damage done by trespassing animals, and for the loss of pasturage, may be recovered."

Judgment affirmed.

Filed June 4, 1889.

No. 12,927.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* HART ET AL.

RAILROAD.—*Negligence.*—*Accumulation of Combustible Material on Right of Way.*—*Destruction of Adjoining Property.*—If a railroad company negligently permits grass and other combustible matter to accumulate upon its right of way, and fire, emitted from one of its passing locomotives, falls upon and ignites such combustible matter and from thence spreads to the land of an adjoining proprietor and destroys his property, without any fault on his part, it is liable for the loss sustained.

SAME.—*Adjoining Proprietor.*—*Not Bound to Keep Grass Burned off his Premises.*—A person owning land adjoining a railroad is not bound to keep the grass burned off of his land between his hay-stacks and the right of way, and his failure to do so does not constitute negligence.

TENANTS IN COMMON.—*Crops.*—*Destruction by Third Person's Negligence.*—*Right of Action.*—Where, under an arrangement between the owner of land and another person, the latter harvests the hay grown upon the land and gathers the whole of the yield into stacks, he to have three-fifths of the hay and the owner of the land two-fifths, the parties become tenants in common of the hay, and if it is destroyed by the negligence of a third person prior to a severance of their interests, they may maintain a joint action for damages.

SAME.—*Severance of Interests.*—*What Sufficient to Constitute.*—Prior to the destruction of the hay, each stack was measured and marked so as to leave three-fifths of the stack on one side of the division line and two-fifths on the other, the first portion being designated as that of the harvester and the second as that of the owner of the land, and it was agreed that

| | |
|---|---|
| 119 | 273 |
| 121 | 304 |
| 121 | 566 |
| 122 | 286 |
| 123 | 224 |
| 119 | 273 |
| 128 | 417 |
| 119 | 273 |
| 131 | 169 |
| 119 | 273 |
| 137 | 390 |
| 138 | 126 |
| 119 | 273 |
| 141 | 381 |
| 142 | 222 |
| 119 | 273 |
| 147 | 174 |
| 119 | 273 |
| 150 | 162 |
| 119 | 273 |
| 154 | 324 |
| 154 | 331 |

either party could, at his convenience, cut the stacks and take the portion belonging to him. At the time of the destruction of the hay, no severance of the stacks had taken place.

*Held*, that the common ownership continued until there was a manual separation or division of the property.

SUPREME COURT.—*Assignment of Error.*—*Practice.*—The giving or refusing to give instructions, and the overruling of a motion to strike out part of a verdict, can not be independently assigned as errors in the Supreme Court, but must be assigned as causes for a new trial in the motion therefor, and thus brought up for review.

VERDICT.—*Special.*—*Venire de Novo.*—*Practice.*—An objection that a special verdict, which is otherwise sufficient, does not cover the issues in the cause, or so far cover them that the plaintiff is entitled to a judgment, is not presented by a motion for a *venire de novo*, but by a motion for a new trial or by a motion for judgment on the verdict.

SAME.—*Omission of Facts.*—*Harmless Error.*—When a special verdict contains no finding as to certain facts alleged in the complaint, such facts will be regarded as found against the plaintiff, and the refusal of the court to give instructions asked by the defendant relating to such facts is at most a harmless error.

SAME.—*Motion to Strike Out.*—A motion to strike out part of the verdict of a jury will not lie, but if the part objected to is immaterial it will be treated by the court as surplusage.

SAME.—*Instructions.*—Where a special verdict is demanded, it is improper to instruct the jury generally concerning the law of the case, but they may be instructed as to the nature of the action, the issues, the form of the verdict and their general duties.

From the Porter Circuit Court.

*G. W. Easley, G. R. Eldridge, G. W. Friedley* and *W. Johnston,* for appellant.

*H. A. Gillett* and *J. W. Youche,* for appellees.

BERKSHIRE, J.—This is an action brought by the appellees against the appellant, whereby they seek to recover damages for the loss of a certain lot of hay which they allege was burned and destroyed because of the appellant's negligence.

The complaint is in one paragraph. The appellant first filed a demurrer thereto, alleging want of facts sufficient to constitute a cause of action, which was overruled by the court; to which ruling it excepted, and then filed an answer

in general denial. The issue joined was submitted to a jury, who returned a special verdict; after the return of the verdict the appellant moved for a *venire de novo*, which was overruled and an exception reserved; it then moved to strike out parts of the verdict, which motion was overruled and an exception taken; it then moved to reject the verdict, which motion was overruled and an exception saved; it then moved for a new trial, which motion was overruled and an exception reserved; after which the court rendered judgment for the appellees.

There are several errors assigned: (1) Error of the court in overruling the demurrer to the complaint. (2) Error committed by the court in refusing instructions asked by the appellant. (3) The court erred in instructions given on its own motion. (4) The court erred in overruling the motion for a *venire de novo*. (5) Error committed by the court in overruling the motion to strike out parts of the special verdict. (6) Error of the court in overruling the motion for a new trial. (7) That the court erred in rendering judgment for the appellees on the special verdict of the jury.

The giving or refusing to give instructions can not be assigned as error in this court, but must be assigned as reasons for a new trial, and brought before this court for review under the assignment of error because of the overruling of the motion for a new trial. The overruling of a motion to strike out parts of the verdict of the jury can not be assigned as error in this court, but must be assigned as a reason for a new trial, and is presented to this court for review under the assignment of error because of the overruling the motion for a new trial. We must, therefore, disregard the second, third and fifth errors assigned, but this can make no difference as to our conclusion in the case, for the questions to which these assignments of error relate are properly presented in the motion for a new trial.

The negligence which is charged in the complaint is, that

on the 17th day of November, 1883, there was a large accumulation of dry grass, weeds and other combustible matter on the defendant's right of way to the east of the road-bed, and adjacent to and adjoining the tract of land upon which the appellees' hay was situated; that the appellant had, for a long time theretofore, been negligently and carelessly suffering such dry grass, weeds and other combustible matter to accumulate, and was, at the time, negligently suffering and permitting such accumulation to remain, and while the same was so remaining, and on the day stated above, the appellant carelessly and negligently ran a locomotive engine adjacent to and within twenty-five feet of such accumulation, which engine was then and there so negligently, carelessly and insufficiently constructed and equipped, and then and there so carelessly and negligently managed and operated by the appellant, that it emitted and threw out large coals of fire, which alighted upon and set fire to said accumulation of combustible matter, and the fire so set and started did, through the negligence and carelessness of the appellant, escape and communicate with and set fire to the grass and stubble on the tract of land on which appellees' said hay was situated, and from thence, through the negligence and carelessness of the appellant, escaped and communicated with and set fire to the grass and stubble on the tract of land on which the appellees' hay was situated, and from thence, through the negligence of the appellant, spread and ran along the ground, communicated with and set fire to the hay of the appellees, which was then and there and thereby wholly consumed and destroyed. Then follows a general averment that the appellees were not guilty of negligence contributing to the injury.

We do not care to spend any time upon the complaint; it is an exceedingly well prepared pleading, evidently having been prepared with much care and consideration, and states a good and sufficient cause of action. *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 79 Ind. 111; *Louisville, etc., R. W. Co.* v.

The Louisville, New Albany and Chicago Railway Co. *v.* Hart *et al.*

*Krinning*, 87 Ind. 351 ; *Louisville, etc., R. W. Co.* v. *Hanmann*, 87 Ind. 422.

The court committed no error in overruling the motion for a *venire de novo*. The verdict was not defective or uncertain, but is clear and explicit as to the facts found by the jury. If it does not cover the issues in the case, or so far cover them as to entitle the appellees to a judgment, the question is not presented by a motion for a *venire de novo*, but must be presented as a reason in the motion for a new trial, or by the motion for a judgment upon the verdict. The question is properly presented in both ways. *Bartley* v. *Phillips*, 114 Ind. 189 ; *Johnson* v. *Culver*, 116 Ind. 278 ; *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582 ; *Vinton* v. *Baldwin*, 95 Ind. 433 ; *City of Lafayette* v. *Allen*, 81 Ind. 166 ; *Trittipo* v. *Morgan*, 99 Ind. 269 ; *Dixon* v. *Duke*, 85 Ind. 434.

The special verdict returned by the jury is as follows :

" We, the jury, having been required to find a special verdict in this action, do find the facts in this case to be as follows : That, on the 17th day of November, 1883, said defendant was a railroad corporation, duly organized, and was controlling and operating a railroad in Lake county, Indiana, and had charge and control of the right of way over and along which said railroad ran ; that said railway company was organized under the laws of said State, and constructed its said railroad in said county in the year 1880, and so constructed the same between the town of Dyer, in said county, to the Chicago and Grand Trunk Railroad, near a station in said county called Maynard, over and across an open level prairie country for a distance of four miles, and so constructed its said railroad by then and there digging parallel ditches, and with the earth taken from said ditches making a permanent road-bed for said railroad between the same, and had controlled and operated its railroad, so constructed, from said time up to and including the said 17th day of November, 1883 ; that, on said last mentioned day, there was stacked on lands lying adjacent to, and east of, said railroad,

between the points aforesaid, 472 tons of hay, in twelve large stacks; that the nearest of said stacks was distant about twenty-five rods, and the farthest about one hundred and sixty rods, from defendant's said railroad; that the land between the said right of way of said railroad and said stacks, and the land where the said stacks were situated, was hay land, and had all been mowed over and the hay made thereon during the summer of 1883; that upon said day there was also situated upon said land, near said stacks, thirty tons of hay in cocks; that said hay in said stacks was then and there of the value of $2,832, and said hay in cocks was then and there of the value of $165; that on said day there had accumulated in the said ditch aforesaid, on the east side of defendant's said road-bed, and upon said defendant's said railroad right of way, a large quantity of dead, dry and combustible grass, weeds and rubbish, which had been so accumulating during that and former years, and which had been so accumulating ever since the construction of said railroad as aforesaid; that the said defendant had never in any manner removed or cleared off, nor attempted to remove or clear off, said grass, weeds or rubbish, but that defendant, from the time its road was so constructed up to the said 17th day of November, 1883, suffered and permitted said accumulation of dry grass, weeds and rubbish to be and remain upon its said right of way, although there was no hindrance to the removal thereof during any of said time; and while the same was so remaining, and on said 17th day of November, 1883, the defendant ran an engine and train of loaded freight cars over and along its said road between its said points, and adjacent to the said land where the said hay was so situated, and that sparks and coals of fire were then and there emitted from said engine, which dropped into said ditch and then and there ignited the said dry grass, weeds and rubbish, so accumulated as aforesaid, and the fire thus started ran through said grass, weeds and rubbish, up to the back of said ditch, and communicated directly with, and set fire to, the grass stubble beyond the

bounds of said ditch, and from thence ran and extended rapidly along the grass stubble in the direction and to the said hay and hay-stacks, and set fire to and burned up and consumed all of said hay and hay-stacks; that the place where the said dry grass, weeds and rubbish was so ignited by said sparks and coals of fire, so emitted from said locomotive, was twenty-three feet east of the center line of the railroad track of said defendant's railroad; that the place where said dry grass, weeds and rubbish so accumulated as aforesaid was near the center of a level, treeless prairie, about five miles in width, north and south, and about twelve miles in length, east and west; that the place where the said fire so started was upon the defendant's said railroad right of way; that the plaintiffs tried hard, and did all in their power, to arrest the said fire, and to prevent the burning of said hay, but owing to the dryness of the season, and the rapidity with which said fire spread, all their efforts were unavailing; that the said hay in said stacks, and the said hay in said cocks, at the time the same was so burned up, all belonged to the said Martha R. Hart, Malcolm T. Hart, Milton R. Hart, Flora N. Biggs, Christian Schultz and James W. Hart; that the said James W. Hart, since the commencement of this suit, died in said Lake county testate, and said Julia B. Hart is the executrix of said deceased, having been legally appointed as such by the circuit court of said county, and having duly qualified.

"Now, if, upon the facts aforesaid, plaintiffs are entitled to recover, we find for the plaintiffs, and assess their damages at $2,997. E. S. BEACH, *Foreman.*

"But, if, upon said facts, the verdict should be for the defendant, then we find for the defendant.

"E. S. BEACH, *Foreman.*"

We come now to the motion for a new trial. The motion assigns twenty reasons for a new trial: 1. The court erred in refusing instructions. 2. The court erred in giving instructions. 3. The court erred in overruling the motion for a *venire de novo.* 4. Because the damages are excessive.

$4\frac{1}{2}$. Because the verdict is contrary to the evidence. 5. Because the evidence shows that the plaintiffs are not joint owners of the property. 6. Because the verdict does not contain all the material facts given in evidence. 7. Because the verdict fails to show want of contributory negligence on the part of the plaintiffs. 8. Because there is no 'finding as to the condition of the engine which it is charged emitted the fire. 9. Because the verdict finds only an evidentiary fact, and not an ultimate or inferential fact, that said engine was not properly equipped. 10. Because the verdict does not contain, and does not purport to contain, a finding upon all the material issues. 11. Because the verdict finds nothing as to whether or not the hay had been divided before its destruction. 12. Because the verdict, in so far as it finds that dry grass and other combustible matter accumulated on the right of way, finds simply evidentiary facts and not an ultimate fact from which the court can draw an inference or conclusion. 13. Because the verdict contains no finding as to whether the engine which set out the fire was carelessly and negligently operated. 14. Because the verdict finds nothing as to the manner in which the engine was constructed and equipped. 15. Because the verdict finds nothing as to the circumstances under which the fire escaped from the engine. 16. Because there is no finding that the damages sued for were the result of negligence on the part of the defendant and no negligence on the part of the plaintiffs. 17. Because the usual custom is not stated in the verdict in regard to burning between stacks situated as the plaintiffs' stacks were and the railroad track. 18. Because there is no finding as to the omission of the plaintiffs to burn between their stacks and the railroad. 19. Because the court erred in overruling the motion to strike out parts of the special verdict. Some of the reasons assigned present no question for the consideration of the court, and others are duplicated.

It was not necessary, to entitle the appellees to recover, to

prove all the acts of negligence charged in the complaint. The complaint would have been a good and sufficient complaint if it had omitted all that is charged therein as to the condition of the engine, and the manner in which it was operated. If a railroad company negligently and carelessly permits grass and other combustible matter to accumulate upon its right of way, and fire is emitted from one of its passing locomotives and falls upon the grass or combustible matter that has been allowed to accumulate from want of proper care on its part, and the fire spreads and passes over upon the lands of the adjoining proprietor and burns and consumes his property, he being guilty of no negligence contributing to the injury, the railroad company is liable for the loss sustained. *Indiana, etc., R. W. Co.* v. *Overman,* 110 Ind. 538; *Pittsburgh, etc., R. W. Co.* v. *Jones,* 86 Ind. 496; *Brinkman* v. *Bender,* 92 Ind. 234; *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 110 Ind. 225.

As the verdict states nothing as to the condition of the engine, or as to the manner in which it was operated, the facts thus omitted must, therefore, be regarded as found against the plaintiffs. *Parmater* v. *State, ex rel.,* 102 Ind. 90; *Johnson* v. *Putnam,* 95 Ind. 57; *Glantz* v. *City of South Bend,* 106 Ind. 305; *Spraker* v. *Armstrong,* 79 Ind. 577; *Indiana, etc., R. W. Co.* v. *Barnhart,* 115 Ind. 399; *Louisville, etc., R. W. Co.* v. *Buck,* 116 Ind. 566.

The appellant is, therefore, not injured because of the failure of the jury to find as to these matters, and as to any instructions asked for by the appellant and refused by the court, relating to the condition of the engine and the manner of its operation, the same answer may be made.

The court committed no error in overruling the motion to strike out parts of the verdict, because : 1. The matter to which the motion relates is a proper and material part of the verdict. 2. A motion to strike out a part of a verdict is not proper practice. It can subserve no useful purpose, and unnecessarily encumbers the record. If the matter objected

to is immaterial, the court will treat it as surplusage, and the party making the motion can not, therefore, be prejudiced because of the immaterial matter ; but if the matter objected to is material, then it should not be stricken out. 3. And, if the court should entertain a motion to strike out a part of a verdict, then the verdict would no longer be the verdict of the jury, but the verdict or finding of the court.  See *Louisville, etc., R. W. Co.* v. *Flanagan,* 113 Ind. 488.

If, as contended by the appellant, the appellees were owners of the hay in severalty when it was burned and destroyed, they can not recover in this action, and the circuit court should have granted a new trial.

The finding of the jury is, that the hay was the common property of all when destroyed, and there is no contention on the part of the appellant but that it was so held by the appellees when put into the stacks ; but the contention is, that afterwards, and before its destruction, there was a division, and that the parties became owners in severalty of separate parcels, except as to a small portion that had never been stacked.  There is no controversy in the evidence as to what took place looking to a division.

The evidence shows that the appellees, other than Schultz, were the owners of the land upon which the hay was grown, and upon which it was standing when destroyed.  Schultz had harvested the hay, and, by virtue of the arrangement whereby he did so, he became the owner of the undivided three-fifths of it, and the other appellees the owners of an undivided two-fifths.  By the arrangement the parties were tenants in common of the hay.  *Goell* v. *Morse,* 126 Mass. 480 ; *Cushing* v. *Breed,* 14 Allen, 376 ; *Kilgore* v. *Wood,* 56 Maine, 150 (96 Am. Dec. 440) ; *Forbes* v. *Boston, etc., R. R. Co.,* 133 Mass. 154 ; *Keeler* v. *Goodwin,* 111 Mass. 490 ; *Bryant* v. *Clifford,* 13 Metc. 138 ; *Lowe* v. *Miller,* 3 Grattan, 205 (46 Am. Dec. 188).

There is no conflict between the conclusion reached in this case and the case of *Chicago, etc., R. W. Co.* v. *Linard,* 94

Ind. 319. As we have said, it is conceded that the parties were common owners until the division contended for, and the evidence shows beyond controversy that the hay was stacked as common property.

If the appellees continued to be owners in common of the hay down to the time of its destruction, the action was properly brought in the name of all the common owners. *Wall* v. *Hinds*, 4 Gray, 256. In that case the parties were tenants in common of real estate, which was rented under a contract whereby the tenant agreed to pay one-half the rent to each of the two owners, and the action was brought to recover rents. Unless there has in some way been an actual severance of ownership, tenants in common must join in an action relating to the common property. *Clapp* v. *Institution for Savings*, 15 R. I. 489 (2 Am. St. Rep. 915); R. S. 1881, section 262; *Wright* v. *Mack*, 95 Ind. 332; *Western Union Tel. Co.* v. *Huff*, 102 Ind. 535; *Dorsett* v. *Gray*, 98 Ind. 273; *Kidwell* v. *Kidwell*, 84 Ind. 224.

The appellees remained tenants in common until the tenancy was severed by an actual division made between themselves. *Walker* v. *Fitts*, 24 Pick. 191; *Thompson* v. *Mawhinney*, 17 Ala. 362 (52 Am. Dec. 176).

There was no division of the hay by stacks; each stack was measured and marked so as to leave three-fifths of the stack on one side of the division line, and two-fifths on the other, and the three-fifths was designated as the part that was to go to Schultz, and the two-fifths as the part that was to go to the other appellees, and it was agreed that either, at his or their convenience, could cut the stacks and take the portion or part designated as going to him or them. No severance of the stacks had taken place when the fire occurred. Until there was an actual severance the common ownership continued; until then, all that can be said of the arrangement is that it was an agreement to sever the tenancy or ownership. *Sullivan* v. *McLenans*, 2 Iowa, 437 (65 Am. Dec. 780); *McKee* v. *Garcelon*, 60 Maine, 165 (11 Am.

Rep. 200); *Kimberly* v. *Patchin*, 19 N. Y. 330; *Channon* v. *Lusk*, 2 Lans. 211; *Sale* v. *Sun Mutual Ins. Co.*, 3 Robt. 602; *Clark* v. *Griffith*, 24 N. Y. 595; *Brizendine* v. *Frankfort Bridge Co.*, 2 Ben. Mon. 32 (36 Am. Dec. 587); *Baker* v. *Jewell*, 6 Mass. 460; *Boston, etc., R. R. Co.* v. *Portland, etc., R. R. Co.*, 119 Mass. 498; *Richmond* v. *Parker*, 12 Metc. 48; *Austin* v. *Walsh*, 2 Mass. 401; *Peters* v. *Davis*, 7 Mass. 257; *Lacy* v. *Weaver*, 49 Ind. 373.

In *Tripp* v. *Riley*, 15 Barb. 333, it is said, while conceding that the comman law furnished no remedy, that one co-owner may sever his share in grain and other articles which can be weighed or measured, and, of course, may hold exclusive possession of the part thus severed.

Pomeroy, in his Remedial Rights, says: " The right of either co-owner may be transferred by any valid act *inter vivos*, and it may be devolved at his death ; but it is impossible by any legal compulsory means for one to enforce a partition against his fellow owners, even when such division would be physically possible, unless it be true, as said in one case (*Tripp* v. *Riley, supra*), that such owner may manually separate, and afterwards hold for his own exclusive use, when the chattels themselves are capable of being weighed or measured, so that an accurate division can easily be made,—as in case of grain." Section 221.

The many authorities we have cited are not directly to the point, but we think they throw some light upon the principle involved. We were somewhat surprised, when we came to look into the authorities, to find so little upon the question as to what is necessary as between the tenants to sever a tenancy in common of personal property. But from the investigation which we have made, and the authorities cited, we are brought to the conclusion that there must be a manual separation or division of the common property. And if this is not so, in the case under consideration, after the measurement and before the destruction of the property, there were many particles or straws in which the parties

were common owners, or else Schultz was the owner of these straws at one end and the other appellees the owners at the other end.

It is argued by appellant's counsel that what was done in the way of a division would have been sufficient to have passed the title in the case of a sale, and, therefore, was sufficient to sever the tenancy or common interest in the property.

We are inclined to the opinion that had Schultz been the owner of the whole of the hay, and had bargained the undivided three-fifths thereof to some other person, and then had marked it off, as was done, that would have been sufficient to have passed the title to an undivided three-fifths of the hay to the purchaser, but that is a very different question from the one under consideration. As to what will amount to a sale, so as to pass the title to property, depends a great deal on the intention of the parties and the character of the property, but in view of the length of this opinion we do not feel justified in going into a consideration of that question.

Where a special verdict is demanded, it is improper to instruct the jury generally concerning the law of the case, but instructions concerning the nature of the action, the issues, the form of the verdict and the general duties of the jury are proper. *Louisville, etc., R. W. Co.* v. *Frawley,* 110 Ind. 18 ; *Toler* v. *Keiher,* 81 Ind. 383 ; *Woollen* v. *Wire,* 110 Ind. 251 ; *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582.

We do not think the court erred in refusing to give the instructions asked for by the appellant. The instructions given by the court on its own motion were right and proper, and no error was committed in giving the same.

The facts as found by the jury are not evidentiary facts, but issuable facts, and the facts found show that the appellant carelessly and negligently permitted grass, weeds and other combustible matter to accumulate on its right of way, and that the same ignited and took fire from coals and sparks emitted from one of its locomotive engines, and that it care-

lessly and negligently suffered the fire to communicate with and destroy and consume the hay of the appellees, and while it is not stated in so many words that the negligence of the appellees did not contribute to the injury, the facts as found rebut negligence on their part. The appellees were not required to keep the grass burned off of the lands on which the hay was stacked, and between the stacks and the right of way, and were not, therefore, guilty of negligence because of a failure so to do. *Hoffman* v. *Chicago, etc., R. W. Co.* (Minn.), 41 N. W. Rep. 301.

We find no error in the record, and, therefore, affirm the judgment, with costs.

Filed June 5, 1889.