Reini-iakd, J.
Action by the appellee against the appellant to recover damages for injury to his land alleged to have been caused by the appellant’s negligence in permitting fire to escape from its locomotive engine, and in permitting grass and weeds to accumulate on its right of way.
The first question we are to determine relates to the overruling of the demurrer to the complaint. It is urged against' the complaint that it states no fact from which the court could have inferred that the loss resulted from the appellant’s negligence.
The averments of the complaint touching upon the question of appellant’s negligence are as follows:
That from the 10th day of June, 1893, up to August 22, of the same year, “there had been no rains of any consequence, and as a result vegetation had become dry and inflammable; that the company had negligently permitted grass and weeds to grow upon its said right of way on said land above described, and on said date the same was dry and easily fired; that in the afternoon of said day (August 22) ‘ ‘the pay car of the company passed over the road, going north, and attached thereto was an *15 engine' of the company, from which sparks were negligently permitted to escape, and fired the weeds and grass and other combustible matter then accumulated on the defendant’s said right of way, on the land herein above described on the west side of the company’s track; * * * that the fire so negligently started, but without fault on the part of plaintiff, as herein above averred by the defendant, was by it negligently permitted to escape from off its right of way, but without any fault on the part of the plaintiff, onto said tract of land of the plaintiff, and spread over, consume and burn and destroy plaintiff’s meadow,” etc.
The complaint is sufficient to withstand the demurrer. Lake Erie, etc., R. R. Co. v. Clark, 7 Ind. App. 155; Ohio, etc., R. W. Co. v. Trapp, 4 Ind. App. 69; Lake Erie, etc., R. R. Co. v. Griffin, 8 Ind. App. 47; Chicago, etc., R. R. Co. v. Williams, 131 Ind. 30; Chicago, etc., R. W. Co. v. Burger, 124 Ind. 275.
The next alleged error arises from the overruling of the appellant’s motion for a new trial. It is urged, in the first place, that the court erred in permitting appellee as a witness in his own behalf to state his opinion as to the depreciation of his meadow from the first to the second year. It appears that the meadow had been sown four years, and three crops of hay had been harvested from it before the fire. The only discussion of this question in the brief of appellant’s learned counsel, after stating the point substantially as we have stated it, is as follows: “Now appellee could only recover for the value of the meadow at the time of the fire, under the most favorable view. And to permit him to state what the condition of the meadow was two years before that time was certainly an error on the part of the court. The answer to the effect that the meadow was better the second year than the first in no way tends to inform the *16 jury as to the value of the same two years later. Its only effect must have been to confuse and mislead the jury.”
The question before the court and jury was as to what extent the meadow had been damaged by the fire. The claim of the appellee was that the meadow had been entirely destroyed. If this was true, the jury, in order to arrive at the approximate amount of the injury would be entitled to know the probable quantity and quality of hay that could have been made from the meadow but for the fire. It was therefore proper to show, if true, that as the ■ meadow becomes older the quantity and quality of the hay becomes better on the kind of land upon which this meadow was located, and how long the meadow continues to improve until it begins to deteriorate. This was the nature of the testimony the appéllee was permitted to give. It furnished the jury some basis for estimating the value of the meadow before and after the fire, and there was no error in overruling the objection to the testimony.
The court permitted the appellee, over the appellant’s objection and exception, to answer the following question: “What will be necessary to be'done to put that drainage in condition for draining the land?” It is insisted that as the appellee has not been shown to be an expert upon the subject of drainage he could not properly be permitted to give an opinion, except upon facts testified to by him. The witness answered the question by stating that the portion of the low land that was burned out beneath the tile bed would not hereafter have sufficient fall for drainage.
We are of opinion that the appellee, who was a farmer, and the owner of this particular farm which it was claimed had been damaged by fire, was sufficiently com *17 petent to testify upon the subject. The weight and importance of the testimony was for the jury.
Another question propounded to this witness relates to the value of the meadow for pasture. It is urged in this connection that nothing is claimed in the complaint on account of the loss of pasture, and that the question was therefore not within the issues. Appellee’s counsel insist that this question is not properly presented in the record. Assuming, without deciding, that the question is before us, we do not think there is any available error on account of the admission of this testimony; The damage to the pasture was a legitimate element in the case. If no specific damages for this item had been claimed in the complaint, the court would, upon application, have permitted the appellee to amend his pleading. This court will deem the amendment to have been made.
It is proper to state here, however, that the complaint alleged that the fire consumed and destroyed the meadow, being 55 acres, to his damage $500. We think this averment included any portion of such 55 acres of meadow which was used for pasturing purposes.
Other testimony was admitted over appellant’s objection, but without stopping to notice each ruling complained of in detail, suffice it to say that we have examined the same and have not been able to discover any erroneous ruling in connection with the admission of testimony. We also think the measure of damages was correctly declared and acted upon by the trial court as being the difference in the value of the land (the 80 acres affected by the fire) before and after the fire. Chicago, etc., R. R. Co. v. Smith, 6 Ind. App. 262; Chicago, etc., R. R. Co. v. Kern, 9 Ind. App. 505.
There was no evidence of the manner in which the fire *18 originated. One witness testified that he saw the appellant’s pay car pass over the track shortly before the fire, but he did not pretend to state that the sparks emitted from the engine attached to it started the fire on appellant’s right of way, as alleged in the complaint, nor did he testify that the pay car had an engine attached to it. The appellant therefore insists that there is a total failure of proof of the negligence set up in the complaint.
The negligence relied upon was twofold:
1. Negligently allowing sparks of fire to be emitted from the engine.
2. Negligently allowing grass and other combustible material to accumulate on its right of way.
Proof of either of these would be sufficient if the negligence proved can be said to have been the proximate cause of the injury. The witness referred to testi-. fied that about a minute after the pay car passed the point near which he was at work, he saw smoke, and that shortly afterwards he discovered fire in the same place burning the weeds and grass on the right of way.
If the appellant negligently suffered the fire to escape from the right of way, it is liable, though not liable for the act of setting fire upon the right of way. Pittsburgh, etc., R. W. Co. v. Hixon, 79 Ind. 111; Pittsburgh, etc., R. W. Co. v. Jones, 86 Ind. 496; Brinkman v. Bender, 92 Ind. 234; Louisville, etc., R. W. Co., v. Ehlert, 87 Ind. 339; Wabash, etc., R. W. Co. v. Johnson, 96 Ind. 40; Louisville, etc., R. W. Co. v. Nitsche, 126 Ind. 229.
We think the presence of the inflammable materials-on the appellant’s right of way, so as to permit fire to-start and spread to the adjoining lands was a sufficient proof of the second cause of negligence alleged.
It is further insisted that there is a failure of proof because it was not shown that appellant owned or operated a railroads
*19 If it was necessary to make this formal proof we think the evidence is sufficient upon this point. John Walsh testified that he knew where the Terre Haute and Logansport railroad, or what is known as the Vandalia railroad, was located; that it runs from Terre Haute to South Bend and through the west part of this (Fulton) county, through Wayne, Union and Aubbeenaubbee townships; also that the company’s right of way runs through the east half of the northeast quarter of section 15, on the appellee’s farm. This, in connection with the witness’s testimony that he saw the pay car running over this railroad on the day of the fire, we regard as sufficient proof upon the subject under consideration. The evidence, we think, supports the verdict on every material point.
One of the grounds assigned for a new trial was excessive damages. The verdict was for $600 but the appellee voluntarily remitted $100 of this amount, and the court rendered judgment for $500.
It is insisted that the greatest amount for which the jury could have found in favor of the appellee under the evidence was $383. This contention is based upon the assumption that only fifty-five acres of the appellee’s meadow land were damaged by the fire. There is evidence tending to show, however, that the deterioration of the entire eighty acre tract was $'5 per acre.
Under the rule heretofore stated as to the measure of damages, this evidence was proper for the jury to consider, and if they found, as they legally might have done, that the damages to the land were $400, the darrn ages for which appellee recovered judgment was not excessive. According to the appellant’s own showing the damages for the rails burned and tiling injured amounted to $108.
While the evidence is not very satisfactory upon the *20 subject of damages, we are not able to say that it fails to support the verdict to the extent of the amount to which it was reduced by the remittitur.
Filed Oct. 30, 1894.
Judgment affirmed.