Reinhard, J.
The appellee sued the appellant and recovered ' a judgment against it for a loss by fire upon an alleged contract of insurance on an encaustic tile factory and other property at Anderson, Indiana. The principal questions arising in the record are as to the sufficiency of the special verdict to support the judgment in favor of the appellee.
There are certain conditions precedent in the policy sued upon, which it is insisted have neither been per-
*386 formed nor waived. One of these provides that the insured, in case of any loss by fire on the property insured, shall give immediate notice thereof in writing. Appellant’s counsel contend that the verdict fails to show a compliance with this condition.
A condition in a policy requiring immediate notice of loss is void, but notice must be given in a reasonable time. R. S. 1894, section 4923; Germania Fire Ins. Co. v. Deckard, 3 Ind. App. 361; Pickel v. Phenix Ins., etc., Co., 119 Ind. 291; Insurance Co., etc., v. Brim, 111 Ind. 281.
The seventh finding in the special verdict is the only one relating to the subject of notice. In it the jury find that the secretary of the company wrote a letter to Henry Coe, who, it is found in another place, was the appellant’s agent. The letter is copied into the finding. The substance of it is that the daily report, dated March 8, 1892, concerning the Columbia Encaustic Tile Company, was received, and that the appellant, or rather the secretary, denies the authority of Coe to issue the policy. The jury then find that to this letter Coe sent an answer, which is also set forth in the finding. This letter is directed to the secretary, and bears date March 26, 1892. In it Coe advances some reasons for thinking that he had acted properly in the matter of issuing the policy in suit under which, it is intimated, a loss occurred. The finding then proceeds: “On March 28, 1892, the secretary of said defendant responded as follows, to wit:” (Here follows a copy of a letter purporting to have been written by the secretary to said Coe, in which the writer protests that Coe had no authority to bind the company by such a policy, and insists that Coe, and not .the appellant, should be answerable for any damage under the policy.) This is all of the finding upon the subject of notice.
It is earnestly contended that this is not a finding of *387 the ultimate fact of notice of the loss as required by the policy.
One of the issues tendered, and upon which the jury was required to find, was that notice of the loss had been given the appellant, in writing, within a reasonable time after such loss, or that the conrpany waived such notice in the manner alleged in the complaint. Whether such notice was or was not given, in fact, is not found by the verdict. In lieu of the finding of such ultimate fact, the jury found that certain letters were written by the appellant’s secretary and Ooe, the company’s agent at Indianapolis. It is not found when the letters, or any of them, were written, except the last one, nor that they were transmitted or received, nor that notice of the loss was served upon the appellant through them or either of them. The letters may have constituted sufficient evidence of such notice, but they were not a finding that notice had in fact been given, nor does the finding contain such fact.
In Cottrell v. Nixon, 109 Ind. 378, the questions for the jury to decide were whether there had been a sale and delivery of the property described in the complaint, and whether the defendant had agreed in writing to become responsible for certain payments. In that case, as in the one before us, the only finding upon the subject were the letters that passed between the parties, and it was there held, as we must hold, that the facts found were purely evidentiary and insufficient to support the verdict, although it was also held that a venire de novo was the proper remedy. It is not the province of the jury to find what the evidence was on any given question, but to find the ultimate facts upon such evidence. That notice in writing within a reasonable time was a condition precedent of the contract is not disputed by the appellee, nor is there any room for legitimate argu *388 ment upon this question. The appellee could not recover judgment upon the policy, therefore, until he had proved the performance of such condition, unless, indeed, performance was waived by the company. The verdict must, therefore, show a performance or a waiver. Hence, if there is a fa^ure to find a performance or a waiver, the judgment on the verdict can not stand, for a failure to find an essential fact is equivalent to a finding that such fact has not been proved; and, in construing the verdict, the court will consider ultimate facts only, disregarding all evidentiary matters and mere conclusions. Henderson v. Dinkey, 76 Ind. 264; Glantz v. City of South Bend, 106 Ind. 305; Louisville, etc., R. W. Co. v. Hart, 119 Ind. 273; Brazil Block Coal Co. v. Hoodlet, 129 Ind. 327; Bartholomew v. Pierson, 112 Ind. 430.
Had there been even a general finding upon the subject of notice, it might have been sufficient, in the absence of a motion for a venire de novo, or to make the verdict more specific. Cook v. McNaughton, 128 Ind. 410.
It was not necessary, in view of the special verdict in the present case, that appellant should have moved for a venire de novo. When the matters found are mere evidentiary facts, they are equivalent to no finding at all, and this being true, the question is properly raised by motion for judgment on the verdict, or for a new trial.
In Louisville, etc., R. W. Co. v. Hart, supra, it was expressly decided that if the verdict does not cover all the issues in the cause, or does not so far cover them that the plaintiff is entitled to a judgment, the question is not properly presented by a motion for a venire de novo, but by a motion for a new trial, or by a motion for a judgment on the verdict. See, also, Johnson, Admr., v. Cul *389 ver, Admx., 116 Ind. 278; Elliott App. Proced., sections 753, 756.
The case of Branson v. Studabaker, 133 Ind. 147, does not aid the appellant in its contention that the question here involved can only be presented by a motion for a venire de novo. In that case it was said: “It is well settled that a motion for a venire de novo lies only where the verdict upon its face appears to be defective in form; where it is against the evidence, or does not state a fact which the party believes the evidence establishes, the remedy is by a motion for a new trial. * * * Where the facts stated entitle a party to judgment, the proper mode of procedure is by a motion for judgment; or, if the motion of the adverse party * is sustained, the question of the sufficiency of the facts to support a judgment may be saved by a proper exception.”
It is not decided by this case that the sufficiency of the facts in the general verdict to entitle a party to judgment must be raised by motion for venire de novo.
We think the rule established by the decisions is that where there is an absence of an essential fact in the special verdict, so that no judgment could be properly based upon the same in favor of the party having the burden of the issues, the adverse party may move for a new trial, or for a judgment on the verdict, or he may except to the sustaining of a motion for judgment in favor of the other party.
In the case at bar, the appellant moved for a judgment on the verdict, and also excepted to the ruling of the court in sustaining the appellee’s motion for a judgment. This, we think, .was all the appellant was required to do, in view of the special verdict. Had the verdict, in the particulars stated, been defective in form merely, the appellant might have been required to seek its remedy by some other motion.
*390 If the case of Cottrell v. Nixon, supra, would seem to lend any support to the appellee’s contention that the only proper method of raising the question is by a motion for a venire de novo, we think the later cases hold to the contrary. Our conclusion upon this branch of the case is that there is no finding of any ultimate fact or facts from which the court is authorized to conclude that the notice of loss provided for in the policy was given.
Nor do we think the finding upon the subject of “proof of loss” will supply the finding of notice. It was found, on this subject, that on or about April 1, 1892, McGilliard & Dark (insurance brokers at Indianapolis) received from the appellee a “proof of loss,” which subsequently found its way into the hands of the appellant.
There is nothing in the finding to show what this “proof of loss” contained, or the nature thereof, whether it was in writing or not, or what information it purported to convey, or that it contained or furnished the appellant or its agent with any notice or information whatever as to the loss of this property. The finding is clearly insufficient for any purpose. It is surely not a finding of the giving of any notice.
There is no finding anywhere that the condition as to notice was waived. The appellee relies upon the seventh finding to establish a waiver. But it no more establishes a waiver of the notice than it establishes the giving of the notice. As we have shown, it contains nothing other than the letters written by Coe and the appellant’s secretary. This is evidence from which a waiver might or might not have been found, but it is not the finding of any fact or facts as to such waiver. Such fact or facts were essential in the absence of a finding of notice. There being no finding or showing that the appellee had complied with the condition of the policy referred to, nor *391 that the same had been waived, the verdict is lacking in one or more of the elements necessary to form the basis of a valid judgment.
Filed Dec. 14, 1894.
We think the appellant was, strictly speaking, entitled to a judgment upon the verdict.
There are other questions presented which may not arise again on another trial.- We regard this as a case where the ends of justice will be best subserved by directing a new trial. Elliott App. Proced., sections 563, 564.
Judgment reversed, with directions to grant a new trial.
Gavin, J., did not participate in the decision of this cause.